530 So.2d 653 (1988)
T.A. DURONCELET
v.
Harold E. DOLEY, Jr., et al.
No. 88-CA-0117.
Court of Appeal of Louisiana, Fourth Circuit.
August 16, 1988.
Writ Denied November 18, 1988.
*654 Thomas P. Anzelmo, Lauren A. Welch, New Orleans, for T.A. Duroncelet.
Mack E. Barham, Robert E. Arceneaux, Gail N. Wise, Barham & Churchill, Jesse S. Guillot, New Orleans, for Harold E. Doley, Jr., d/b/a Doley Securities.
Before GARRISON, CIACCIO and WARD, JJ.
WARD, Judge.
T.A. Duroncelet sued Harold E. Doley, Jr. d/b/a Doley Securities, Inc. for Doley's refusal to pay all money allegedly owed on an oral contract for construction work Duroncelet had performed on a building Doley owned in downtown New Orleans. The case was referred to a Commissioner of the Civil District Court who heard the evidence and prepared a report, recommending judgment in favor of Duroncelet. Counsel for Doley filed numerous exceptions to the Commissioner's report, contending that the evidence did not support the recommended judgment. At the hearing on the exceptions, which was held before the transcript of the Commissioner's hearing was prepared, the Trial Judge stated that she did not think it necessary for her to read the transcript in order to render a decision in the case, maintaining she was familiar with the case and satisfied with the "record" that was produced. Based upon the Commissioner's report, she rejected Doley's exceptions and rendered judgment exactly as recommended by the Commissioner. Doley appeals, contending the Trial Judge erred in failing to conduct a de novo review of the Commissioner's findings, and assigning other errors which are substantially the same as his exceptions filed in the Trial Court. We vacate the Trial Court judgment and remand to that Court for a review of the entire record including the transcript, and for a judgment based upon the Trial Judge's independent determination of the issues.
Duroncelet concedes, based upon this Court's decision in Quarles Drilling Corp. v. General Accident Insurance Co., 520 So.2d 475 (La.App. 4th Cir.1988), construing R.S. 13:1171(G), that the Trial Judge was required to review the transcript in considering Doley's exceptions to the Commissioner's report and to make a de novo determination of disputed findings. Nonetheless, despite the Trial Judge's error, both Duroncelet and Doley request this Court not to remand the case for the Trial Judge's reconsideration. Rather, citing policies of efficiency and judicial economy, the parties ask us to try the issues de novo to determine the sufficiency and preponderance of the evidence. Furthermore, recognizing that no judge has yet to render judgment based upon an examination of the complete record, Doley argues that a de novo review should apply a preponderance of the evidence standard rather than the manifest error rule of appellate review, maintaining that the manifest error standard is inconsistent with a de novo review. We agree.
Litigants in Louisiana are entitled to a decision by an elected judge. La. Const. Art. 5 § 22. Louisiana's three-tiered court system allocates the fact-finding function to trial courts whose findings of fact are given deference by the appellate courts' application of the manifest error standard. Virgil v. American Guarantee and Liability Insurance Co., 507 So.2d 825 (La. 1987).
Since a de novo review means the trier of fact decides the factual issues using a preponderance of evidence standard, and since a reviewing court must apply a manifest error standard to that decision, this Court cannot do both. And if we accede to the parties' request, the parties will have a trial de novo but they will be denied an appeal. They are entitled to both by virtue of the Constitution of Louisiana.
Because the Trial Judge did not make a judgment based upon independent review of the entire record in this case, but rather deferred to the Commissioner's findings *655 and decision, a de novo review of the record and a decision by this Court would be both an unconstitutional vesting of judicial power in the Commissioner, a non-elected judge, as well as a usurpation by this Court of the Trial Court's fact-finding function.
Although the policy of judicial economy is an important consideration, it is not paramount. There are values which outweigh efficiency in our system of ordered justice, and for the sake of those values, the interests of judicial economy must be sacrificed in this case.
Accordingly, the judgment of the Trial Court is vacated and the case remanded with assessment of the costs of this appeal to await the final judgment in the case.
VACATED AND REMANDED.