BYRNES, Judge.
This consolidated litigation involves four cases in which the State of Louisiana, through the Department of Transportation and Development (the “State”), expropriated parcels from tracts of land and one in which the State obtained a parcel of a fifth tract by voluntary sale. The cases were referred to a commissioner pursuant to LSA-R.S. 13:1171. After trial of the matter, the commissioner made his recommendation to the trial court who followed it completely in rendering judgment on the case. The State appeals that judgment alleging, among other things, that the trial court failed to conduct a de novo review of the commissioner’s findings as required by LSA-R.S. 13:1171(G). We find merit to this argument and, therefore, vacate the judgment of the trial court and remand the case for further proceedings.
LSA-R.S. 13:1171(G) provides:
If exceptions are filed to the report within ten days, the judge shall set them down for hearing, at the most convenient time, shall hear argument, and decide the exceptions on the record as made up before the commissioner.
Thus, the trial judge is required to have the record, including the transcript of the testimony and the exhibits, before him when he considers the exceptions. He must review the transcript and make a de novo determination of disputed findings. Duroncelet v. Doley, 530 So.2d 653 (La.App. 4th Cir.1988); Quarles Drilling Corp. v. General Acc. Ins. Co., 520 So.2d 475 (La.App. 4th Cir.1988). The commissioner’s authority is limited to gathering *700 the facts and making a recommendation to the trial judge. The trial judge is vested with the ultimate authority to render final judgment. LSA-Const. Art. 5, Section 1 et seq.; LSA-R.S. 13:1171; Whitney Nat. Bank of New Orleans v. Derbes, 436 So.2d 1185 (La.App. 4th Cir.1983).
A review of the record presently before the Court does not reveal that a de novo trial was conducted by the trial judge. On February 5, 1988, the trial judge heard arguments on the exceptions. At that hearing he stated, “On the merits of the award I’m not reasonably able to peek into all the evidence, from the arguments I’ve heard I’m satisfied that the judgment looks correct and the exception is going to be overruled and I will now sign the judgment.” (Emphasis added) The record does not indicate when the transcripts of the hearing before the commissioner were filed in the court record. Therefore, it is impossible to ascertain from the record whether they were before the trial judge on February 5, 1988. Appellees, however, admit that the trial court read the transcript and wrote reasons for judgment after the judgment of February 5, 1988 had been appealed to this Court. Further, the record reveals the appeal was granted on February 29, 1988 at which time the trial judge had not yet placed written reasons for judgment in the record.
Appellees contend the trial judge wrote reasons for judgment which were signed on October 12, 1988 and, therefore, the issue of whether a de novo trial was held is moot. We disagree. “The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal ... Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal ...” La.C.C.P. Art. 2088. The trial court's reasons for judgment are, therefore, not properly before this court and do not constitute a basis on which to find that a de novo trial was held. While a remand of this case to the lower court maybe of no real effect because the trial judge has in fact read the transcript and written reasons for judgment, we find that, because of jurisdictional concerns, it is warranted in this instance.
Accordingly, the judgment of the trial court is vacated and this case is remanded to the trial court for compliance with LSA-R.S. 13:1171(G).
VACATED AND REMANDED.