YELVERTON, Judge.
This appeal arises from a claim for worker’s compensation benefits by Lou Elise Domingue for an injury she allegedly sustained while in the course and scope of her employment with Lafayette General Hospital. After filing her claim with the State of Louisiana, Office of Worker’s Compensation, and after rejecting the Director’s recommendation, Domingue filed this suit. The case was referred to a commissioner pursuant to La.R.S. 13:716. After a trial, the commissioner issued his findings of fact and recommendations. Hartford Insurance Company (Hartford), the worker’s compensation carrier, filed a traversal proceeding. The trial judge issued a minute entry indicating adoption of the commissioner’s report. This action by the trial judge was taken before the transcript of the trial proceedings was prepared. A judgment- was signed in accordance with the minute entry. From this judgment Hartford has appealed, and Domingue has answered the appeal seeking additional attorney’s fees incurred on appeal. We remand for further proceedings.
The commissioner’s findings of fact and recommendations were:
(1) the plaintiff was permanently and totally disabled,
(2) the defendant was not entitled to reduce plaintiff’s weekly compensation benefits to reflect plaintiff’s receipt of social security benefits,
(3) the defendant was not entitled to reduce the plaintiff’s weekly compensation benefits to reflect plaintiff’s receipt of benefits pursuant to a retirement plan funded by Lafayette General Hospital, and
(4) the plaintiff was entitled to penalties and attorney’s fees.
Hartford contends that the trial judge’s adoption of the commissioner’s report was just that and no more. Hartford argues that the trial judge failed to make a de novo determination of the traversed findings and recommendations, as required by law. In support of this argument Hartford points out that the transcript of testimony of the proceedings heard by the commissioner was never before the trial judge at the time the judgment was rendered. In fact, the transcript was not prepared and filed until four months after the trial judge signed the judgment. Based on the record before us, we agree that the trial court apparently did not comply with its responsibility of making a de novo determination of the findings and recommendations to which Hartford objected.
The commissioner in the present case was appointed and assigned the case pursuant to La.R.S. 13:716, which provides for the appointment, qualifications, and duties of court commissioners for the Fifteenth Judicial District Court. La.R.S. 13:716 C(2)(d) provides as follows:
The judge of the appropriate division shall make a de novo determination of any findings or recommendations to which objection is made.
A de novo determination means a new, or fresh determination. This necessarily requires a review of the identical proceedings had before the commissioner.
On this appeal Domingue argues that we should presume that the trial judge reviewed the proceedings because there is a minute entry in the record by the court stating: “After careful review of the law, evidence, arguments of counsel, and the Commissioner’s Findings of Fact, the Court accepts those findings.” Domingue argues that since the recording made by the official court reporter was available to the trial judge, this availability taken together with the minute entry establishes that the trial judge reviewed the proceedings.
We reject the argument that the judgment is presumptively valid. The transcript was clearly not available to the trial judge prior to rendering the judgment, and there is no reference in the minute entry nor is there anything in the record to suggest that the trial judge actually reviewed the record of the proceedings. The certifi *89 cate of the official court reporter in the record states that:
... the testimony of said transcript was reported to me in shorthand and transcribed by myself or under my supervision and personal direction, and that same constitutes a total transcription of the requested material in the above-captioned matter.
It is unlikely that the trial judge reviewed the shorthand notes with the court reporter, which task would have been not merely duplicitous work, but enormously time consuming as well; it is to save judicial time that certain functions are delegated to commissioners. We think the most likely explanation is that the trial court simply adopted the commissioner’s report without making a de novo determination as required by statute.
In making this error the trial judge has the company of several civil district court judges in the Parish of Orleans. Their decisions without the benefit of a transcript following commissioner’s reports were reversed by the Court of Appeal, Fourth Circuit. See Quarles Drilling v. General Acc. Ins. Co., 520 So.2d 475 (La.App. 4th Cir.1988) and Duroncelet v. Doley, 530 So.2d 653 (La.App. 4th Cir.1988), writ denied, 533 So.2d 22 (La.1988). The appointment, qualifications, and duties of commissioners for the Parish of Orleans are governed by La.R.S. 13:1171. Subsection I of that statute provides as follows:
If exceptions are filed to the report within 10 days, the judge shall set them down for hearing, at the most convenient time, shall hear argument, and decide the exceptions on the record as made up before the Commissioner, (emphasis supplied)
This statute has been interpreted by the Fourth Circuit to require a review of the transcript of the hearing before a civil district court commissioner in considering exceptions to the commissioner’s report, and the trial judge is required to make a de novo determination of disputed findings. State, through DOTD v. Robertson Corp., 542 So.2d 698 (La.App. 4th Cir.1989). In our present case the applicable statutory language specifically requires a de novo determination.
As explained by the Louisiana Supreme Court in Bordelon v. Louisiana Dept. of Corrections, 398 So.2d 1103 (La.1981), the requirement of a de novo determination of disputed findings or recommendations is what insures that it is the fundamental responsibility of the judge to make the final determination, after the commissioner conducts a hearing and submits proposed findings and recommendations. It is because the fundamental responsibility for deciding cases remains with the judge, as required by these commissioner statutes, that these statutes are saved from constitutional attack. For this reason courts must see to it that this fundamental responsibility is preserved.
The case is remanded to the trial court for further proceedings. If in fact the trial court has already made a de novo determination of the findings and recommendations of the commissioner, the trial judge has but to say so, and the appeal will be returned to us for expedited consideration. On the other hand if, as we suspect, the trial court did not make a de novo determination, that now must be done.
Costs of this appeal shall be paid by the party ultimately cast for costs at the trial level.
REMANDED.