594 So.2d 1354 (1992)
Curtis AUTREY, Plaintiff-Appellee,
v.
ENERGY CORPORATION OF AMERICA, INC., Defendant-Appellant.
No. 90-651.
Court of Appeal of Louisiana, Third Circuit.
January 3, 1992.
Writ Denied March 20, 1992.
*1355 Jeansonne & Briney, Patrick J. Briney, Lafayette, for plaintiff-appellee.
Halpern & Daigle, P. Keith Daigle, Metairie, Michael D. Zelder, Baton Rouge, for defendant-appellant.
Before FORET, STOKER and DOUCET, JJ.
FORET, Judge.
This appeal arises out of a claim for worker's compensation benefits and the employer's retaliatory discharge or discrimination against its employee for having made the claim for benefits. From a judgment in favor of the plaintiff-employee, Curtis Autrey, on the retaliatory discharge claim, defendant-employer, Energy Corporation of America, appeals.

FACTS
Curtis Autrey had been employed by Energy Corporation of America (Energy) for some fourteen years as a field supervisor. In December of 1984, Autrey suffered a heart attack and underwent triple by-pass surgery. He recovered and returned to work in the spring of 1985. He worked without incident until August 29, 1986. On that date, while working, he experienced an episode of chest pain while unloading a 55-gallon drum from his company pickup truck. Despite the pain, Autrey continued working that day. He was able to continue working for approximately two weeks, until September 14, 1986, when he experienced a second episode of chest pain while on the job. He was treated and released from Our Lady of the Lake emergency room and instructed to refrain from working. Autrey was subsequently diagnosed as having a small hiatal hernia and duodenal ulcer.
Autrey did not return to work until September 30, 1986. On that date, at the express request of his employer, Autrey went back to work to familiarize another Energy employee with operations. While working, Autrey experienced a third, severe episode of chest pain, accompanied by shortness of breath and weakness on exertion. He was admitted into the hospital and discharged on October 3, 1986.
On or about December 8, 1986, Energy's claim for worker's compensation benefits on behalf of Autrey was denied by Fidelity & Casualty Insurance Company of New York, Energy's workers compensation insurer, *1356 on the grounds that his health problems were not work-related. On December 11, 1986, Energy notified Autrey that the worker's compensation claim had been denied and that he was placed on inactive, non-pay status, until Autrey could produce a medical release and approval of the medical release by Energy's company physician.
On December 18, 1986, Autrey filed his claim with the Office of Worker's Compensation Administration. The office found that the episodes of chest pain were work related and that all related medical expenses should be paid. Contemporaneously, Autrey sent Energy certificates from his treating physicians that he was able to return to work. Energy then demanded that Autrey submit to an independent medical examination. Autrey accommodated his employer's demand by traveling to New Orleans on four separate occasions to be examined and tested by Oschner Clinic in April and May of 1987. Autrey never received reports of these examinations.
Autrey filed suit on August 25, 1987, against Energy and Fidelity for worker's compensation benefits. Energy was served on September 8, 1987. On September 9, Oschner Clinic finally rendered a written report to the president of Energy, detailing the results of Autrey's examinations. At the conclusion of that report, the opinion was that Autrey should have been released to return to full duty as of the completion of the examination and testing in April and May, 1987.
Energy never put Autrey back to work. On May 12, 1989, Autrey filed a supplemental and amending petition against Energy, claiming that Energy had wrongfully discharged him in violation of La.R.S. 23:1361,[1] which prohibits an employer from discharging an employee from employment because that employee has asserted a claim for worker's compensation. Energy met the claim with the peremptory exception of prescription, which was denied.

ACTION OF THE TRIAL COURT
By order dated August 15, 1989, the trial judge ordered the Honorable Herman Clause, Commissioner of the Fifteenth Judicial District Court, to conduct an evidentiary hearing on the merits of the worker's compensation and wrongful discharge claims and to submit to the court proposed findings of fact and recommendations for the disposition of all claims. During the course of the hearing, Fidelity settled the worker's compensation issues, leaving only the issue of wrongful discharge. The hearing on the wrongful discharge claim was held on September 13 and 14, 1989, before Commissioner Clause.
On September 25, 1989, Commissioner Clause issued a Minute Entry in which he found for Autrey on all issues related to wrongful discharge and stated that he intended to assess the maximum penalty allowed by law against Energy. Accordingly, the Commissioner awarded $33,197.85 as yearly salary, plus vacation pay benefits valued at $1,915.20. The Minute Entry also stated that Autrey would be awarded $5,000 in attorney's fees, bringing the total award to $43,879.69. On October 6, 1989, *1357 the Commissioner rendered a partial judgment decreeing that Fidelity did not owe coverage to Energy for the wrongful discharge claim and dismissed Fidelity with prejudice.
A final judgment was signed by the trial court judge on October 27, 1989.

ASSIGNMENTS OF ERROR
Energy asserts that the trial court erred in:
(1) unconstitutionally vesting adjudicatory powers in an unelected commissioner in violation of La. Const., Art. 5, § 1 and La.R.S. 13:716(B); and
(2) denying Energy's peremptory exception of prescription.
We reverse the trial court's denial of the exception of prescription.[2]

STANDARD OF REVIEW
In worker's compensation cases, the trial court's factual findings are entitled to great weight, and reasonable evaluation of credibility and reasonable inferences of fact must not be disturbed, even though an appellate court may feel its own evaluation and inferences are as reasonable. See Ducote v. J.A. Jones Const. Co., 471 So.2d 704 (La.1985). In Jones, also a retaliatory discharge claim, the appellate court was warned that it should be very wary of replacing the trial court's determination (which had been favorable to the claimant) with its own.

ASSIGNMENT OF ERROR NO. 1
We find Energy's first assignment of error, that the trial court unconstitutionally vested adjudicatory powers in an unelected commissioner in violation of La. Const., Art. 5, § 1 and La.R.S. 13:716(B)[3] to be without merit. This is Energy's first notice of its complaint with regard to the commissioner. Energy did not indicate in any manner, by motion or otherwise, that it objected to the court's order directing the commissioner to hold an evidentiary hearing and make recommendations. A constitutional issue may not be raised for the first time on appeal. Succession of Savoy, 532 So.2d 298 (La.App. 3 Cir.1988).
Additionally, the commissioner did not "adjudicate" this matter. The commissioner was authorized by the trial judge to hold an evidentiary hearing and make recommendations. Delegation of power to conduct evidentiary hearings and to prepare proposed findings of fact and recommendations for disposition based upon evidence and argument is not inconsistent with the constitution and laws which vest judicial power in judges of enumerated courts, as long as judges retain responsibility for making ultimate decisions. See Bordelon v. Louisiana Dept. of Corrections, 398 So.2d 1103 (La.1981). The trial judge agreed with the findings and recommendations and signed a judgment accordingly. The trial judge clearly indicates he considered the recommendations and findings of fact of the commissioner and accepted them. If Energy objected to the findings and recommendations, Energy should have followed the proper procedures provided for in La.R.S. 13:716(C)(2)(c):
"C. (1) In furtherance of the above, the commissioner may be designated and assigned to hear and determine any pretrial matter pending before the court, except motions for injunctive relief and temporary restraining orders in civil matters and preliminary hearings, motions *1358 for discovery, motions to suppress, and motions to quash in criminal matters.
(2)(a) The commissioner may be designated to conduct hearings, including evidentiary hearings, and to submit to the judge of the appropriate division, proposed findings of fact and recommendations for the disposition thereof of any matter or motion pending before the court or any application for post trial relief made therein.
(b) In such cases, the commissioner shall file his proposed findings and recommendations with the court, and a copy shall forthwith be mailed, postage prepaid, to all parties or their counsel of record.
(c) Within ten days after transmittal of such copy, any party may traverse such findings or recommendations in writing in such manner as shall be specified by the rules of the district court."
Energy further contends that the trial judge did not make an independent determination in rendering the final judgment. A proper reading of R.S. 13:716(C)(2)(d) requires a trial judge to make a de novo determination of any findings or recommendations to which an objection under R.S. 13:716(C)(2)(c) is made. See Domingue v. Hartford Insurance Co., 560 So.2d 87 (La.App. 3 Cir.1990). Energy failed to exercise its right to object to the commissioner's findings within the proper time and in the proper manner. This assignment of error has no merit.

ASSIGNMENT OF ERROR NO. 2
Energy contends that the one-year prescriptive period for asserting a retaliatory discharge claim has run. We agree.
Retaliatory conduct by an employer is considered tortious. Therefore, the action is subject to a one-year prescriptive period, commencing on the date of discharge. See Arvie v. Century Telephone Enterprises, Inc., 452 So.2d 392 (La.App. 3 Cir.1984); Stephens v. Justiss-Mears Oil Co., 300 So.2d 510 (La.App. 3 Cir.1974). The testimony is conflicting as to the exact date of Autrey's discharge. Autrey contends his first notice of discharge was during the deposition of Charles Cusimano, Energy's chairman, on April 24, 1989, nearly two and one-half years after the accident. Despite Autrey's claim of lack of knowledge of his discharge, he admitted going into an antique business in January of 1988, followed by the taking of another job in September of 1988; way prior to the April, 1989 deposition. Autrey also filed an unemployment claim in April of 1987, citing lack of work as the reason for separation from his last job with Energy. Autrey purports that he made those statements solely to facilitate his acquiring unemployment insurance benefits.
Additionally, the record is devoid of any evidence indicating any desire or attempt on the part of Autrey to return to work with Energy after September or October of 1987. Finally, Autrey was released by an Energy-approved physician on September 9, 1987, but not put back to work at that time.
It strains credulity to disregard the facts which took place prior to the April 24, 1989 deposition. Contrary to the trial court, we find that the prescriptive period began no later than September 9, 1987, the date Autrey was released from his physician but failed to return to work. Therefore, the filing of his petition on the retaliatory discharge claim on May 12, 1989, was untimely.
Energy further contends that the supplemental and amending petition does not relate back to the filing of the original worker's compensation petition. We agree. La.C.C.P. art. 1153 provides that:
"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
It is well established that La.C.C.P. art. 1153 permits a plaintiff or defendant to amend the petition or answer, despite prescriptive bars, where the original pleading gives fair notice of the fact situation out of *1359 which the amended claim or defense arises. Trahan v. Liberty Mutual Ins. Co., 314 So.2d 350 (La.1975); Baker v. Payne & Keller of Louisiana, Inc., 390 So.2d 1272 (La.1980). Where the pleadings reveal some factual connexity between the original and amended assertions, and they contain sufficient allegations to afford fair notice to the adverse party of the relief sought, amendment should be allowed. Baker, supra; Shores v. Fidelity & Casualty Co. of New York, 413 So.2d 315 (La. App. 3 Cir.1982).
Our brethren of the Second Circuit recently addressed the same issue presented in this case in Lynn v. Berg Mechanical, Inc., 582 So.2d 902 (La.App. 2 Cir.1991). The plaintiff, Lynn, filed his original petition in April, 1984, to enforce worker's compensation payments of medical benefits and, in November, 1985, to enforce payment of disability benefits. In November of 1987, Lynn filed his first amending and supplemental petition alleging retaliatory discharge under La.R.S. 23:1361. The court concluded, as we do in this case, that the retaliatory discharge claim is a distinct cause of action and cannot relate back to the filing of the original petition.
We note the recent Supreme Court decision in Parker v. Southern American Insurance Co., 590 So.2d 55 (La.1991), which reversed our decision in the same case at 578 So.2d 1021 (La.App. 3 Cir.1991). The Supreme Court held that the worker's compensation suit did interrupt prescription on a subsequently filed wrongful death action.[4] The Court relied on its holding in Batson v. Cherokee Beach & Campgrounds, 530 So.2d 1128 (La.1988), which stated that a petition can interrupt prescription without stating a cause of action, if what is filed can be classified as a "pleading presenting a demand." Therefore, since the worker's compensation pleading alleges a factual occurrence and liability of a named defendant, it interrupts prescription despite the failure to state a cause of action by alleging negligence.
In Parker and Batson, the subsequently filed tort action was a negligence claim based on the same accident that injured the plaintiffs. As distinguished from the situation in Parker and Batson, Autrey's subsequently filed tort claim has no factual connexity with the initial injury resulting in the filing of the worker's compensation claim. We cannot say that the filing of a worker's compensation suit puts the employer on notice of a potential tort claim of retaliatory discharge.
The original petition only alleges that Autrey was employed by Energy and that he was injured while working for Energy, and makes a claim for worker's compensation benefits. The original petition lacks any allegation of Energy's refusing to employ, or discharging, Autrey for having asserted a worker's compensation claim and did not give Energy fair notice that a formal claim under the retaliatory discharge provision was forthcoming. The factual allegations are totally different. The wrongful discharge alleged in the supplemental and amending petition arises from a completely separate occurrence. The filing of the original petition for worker's compensation benefits does not toll the running of prescription on a subsequently filed retaliatory discharge claim.
Therefore, we find the retaliatory discharge claim has prescribed and the amending and supplemental petition does not relate back to the date of the original petition.
For the foregoing reasons, we reverse the trial court's judgment and dismiss the supplemental and amending petition filed on May 12, 1987, by Curtis Autrey.
Costs of this appeal and at the trial level are assessed to Curtis Autrey.
REVERSED.
NOTES
[1] "§ 1361. Unlawful discrimination prohibited

A. No person, firm or corporation shall refuse to employ any applicant for employment because of such applicant having asserted a claim for worker's compensation benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Section shall require a person to employ an applicant who does not meet the qualifications of the position sought.
B. No person shall discharge an employee from employment because of said employee having asserted a claim for benefits under the provisions of this Chapter or under the law of any state or of the United States. Nothing in this Chapter shall prohibit an employer from discharging an employee who because of injury can no longer perform the duties of his employment.
C. Any person who has been denied employment or discharged from employment in violation of the provisions of this Section shall be entitled to recover from the employer or prospective employer who has violated the provisions of this Section a civil penalty which shall be the equivalent of the amount the employee would have earned but for the discrimination based upon the starting salary of the position sought or the earnings of the employee at the time of the discharge, as the case may be, but not more than one year's earnings, together with a reasonable attorney's fee.
Added by Acts 1980, No. 704, § 1."
[2] Insofar as we are granting the exception of prescription, any discussion regarding Energy's other assignments of error is unnecessary and pretermitted.
[3] "B. The commissioner shall have all powers of a district judge not inconsistent with the constitution and laws of the state of Louisiana and the United States, including but not limited to the power to administer oaths and affirmations, take acknowledgments, affidavits, and depositions, sign orders, act in felony and misdemeanor charges, hear preliminary motions, accept pleas in misdemeanor cases including misdemeanor cases preliminary to trial on the merits, conduct trials of misdemeanor cases, fix bail, and sign and issue search and arrest warrants upon probable cause being shown and in accordance with law. The commissioner shall not have the power to adjudicate cases, except as provided in Subsection E of this Section."
[4] Parker effectively overrules our holding in Arnaud v. Molbert Bros. Poultry & Egg Co., Inc., 368 So.2d 1187 (La.App. 3 Cir.1979).