| THIBODEAUX, Judge.
The Defendant, Ifiany 0. Umezulike, challenges the constitutionality of La.R.S. 13:716(B)(1), which authorizes the commissioner of the Fifteenth Judicial District to sign search warrants. He entreats us to reverse the trial court’s denial of his motion to suppress and exclude the admission of evidence seized pursuant to the search warrant.
On January 28, 2000, Commissioner Diana Simon of the Fifteenth Judicial District issued a search warrant for the vehicle and home of the Defendant. Subsequently, on October 5, 2000, a bill of information was signed, charging the Defendant with the offenses of possession of marijuana and possession of drug paraphernalia, both misdemeanors. The Defendant’s motion to suppress challenged the constitutional propriety of a court-appointed commissioner issuing a search warrant. The claim was fully litigated at an evidentiary hearing. The trial court denied Mr. Umezulike’s motion to suppress.
We reverse and grant the Defendant’s writ application. We conclude that La. R.S. 13:716(B)(1) is unconstitutional.

LAW AND DISCUSSION

Louisiana Revised Statutes 13:716 states, in pertinent part:
A. The commissioner of the Fifteenth Judicial District Court shall perform such duties as are assigned by the chief judge of the district in accordance with rules which shall be prescribed by the elected judges of the court, not inconsistent herewith or with the constitution and laws of the state.
*616 B. (1) The commissioner shall have all powers of a district judge not inconsistent with the constitution and laws of the state of Louisiana and the United States, including but not limited to the power to administer oaths and affirmations, take acknowledgments, affidavits, and | ¡>,depositions, sign orders, act in felony and misdemeanor charges, hear preliminary motions, accept pleas in misdemeanor cases including misdemeanor cases preliminary to trial on the merits, conduct trials of misdemeanor cases, fix bail, and sign and issue search and arrest warrants upon probable cause being shown and in accordance with Paragraph (2) of this Subsection.
(2) In felony cases, the commissioner shall not try and adjudicate preliminary hearings, motions for discovery, motions to suppress, motions to quash, and trials on the merits. The commissioner may be designated and assigned to hear and determine any felony pretrial matter pending before the court, not inconsistent with the provisions of this Paragraph. The commissioner shall not adjudicate felony cases.
(3) In misdemeanor cases, the commissioner may be designated to hear, determine, and adjudicate any matter pending before the court.
(Emphasis added.)
At the hearing, the Defendant presented no witnesses. Instead, he introduced a transcript of the testimony of Judge Herman Charles Clause taken at a previous hearing on a motion to recuse on June 28, 2001. Judge Clause’s testimony revealed that he previously served as the first commissioner for the Fifteenth Judicial District Court from 1984 to 1996. He explained that the judges recommended that the commissioner post be created by the legislature in order to reduce their workload. The judges wanted to improve court efficiency by having the commissioner handle as many minor matters as possible so that the judges could devote more time to jury trials. Judge Clause acknowledged that in 1984 the judges discussed the possible constitutional problems with delegating judicial authority to a commissioner who was appointed, not elected.
The Defendant argues that the legislature does not have the constitutional authority to grant “judicial power” at the trial level to any officer other than district judges. The commissioner is granted authority by statute, but only to the | ^extent that the delegated powers of a district judge are not inconsistent with the constitution and laws of the State of Louisiana. See La.R.S. 13:716(A).
La. Const, art. 5, § 1 provides: “The judicial power is vested in a supreme court, courts of appeal, district courts, and other courts authorized by this Article.” La. Const, art. 5, § 22(A) provides: “Except as otherwise provided in this Section, all judges shall be elected. Election shall be at the regular congressional election.” La. Const, art. 5, § 16(A) states:
(1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker’s compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (2) It shall have exclusive original jurisdiction of felony cases and of cases involving title to immovable property, except as provided in (3) below; the right to office or other public position; civil or political right; probate and succession matters; except for administrative agency determination provided for in (1) above, the state, a political corporation, or political subdivisions, or a succession, as a defendant; and the appointment of receivers or liquidators for corporations or part *617 nerships. (3) The legislature may provide by law that a family court has jurisdiction of cases involving title to movable and immovable property when those cases relate to the partition of community property and the settlement of claims arising from matrimonial regimes when such action arises as a result of divorce or annulment of marriage. (Emphasis added).
The statutes regarding the issuance of search warrants provide that a judge may issue the warrant. La.Code Crim.P. art. 161 provides, in pertinent part, that: “A judge may issue a warrant authorizing the search for and seizure of any thing within the territorial jurisdiction of the court....” (Emphasis added). La.Code Crim.P. art. 162 provides, in pertinent part, that: “A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.” (Emphasis added).
State v. O’Reilly, 00-2864, 00-2865 (La.5/15/01); 785 So.2d 768, held that although the statute authorizing a commissioner to conduct misdemeanor trials was unconstitutional, the commissioner was a de facto officer whose acts were valid until the unconstitutionality of the statute was established. The commissioner was granted power as fohows:
La.R.S. 13:719 created the office of commissioner for the Twenty-Second Judicial District Court. The statute provides that the commissioner “shall be selected” by the judges of the Twenty Second Judicial District and shah serve at the pleasure of that court. Section 719 gives the commissioner jurisdiction over criminal matters and provides that such jurisdiction shall be concurrent with that of the judges of the Twenty Second Judicial District. The statute also provides the commissioner shall have all the powers of a judge of a district court that are not inconsistent with the constitution and laws of the state. Additionally,- La.R.S. 13:719(E)(2) provides that the powers of the commissioner may include but shall not be limited to the power to:
(a) Administer oaths and affirmations.
(b) Take acknowledgments, affidavits, and depositions.
(c) Act on felony charges through arraignment; however, the commissioner shall not accept pleas of guilty on or sign orders disposing of felony charges.
(d) Hear preliminary motions.
(e) In misdemeanor cases, conduct trials, accept pleas, and impose sentence.
(f) Preside over jury trials in misdemeanor cases.
(g) Fix bail in all matters.
(h) Sign and issue search and arrest warrants in accordance with the general provisions of law, including the requirement of showing probable cause.
(i) Find and punish for contempt of court as a district court judge.
(j) Conduct extradition hearings.
| R(k) Supervise defendants sentenced under the provisions of the drug court in accordance with the policies set down by the judges of the Twenty-Second Judicial District Court.
Id. at 773.
In O’Reilly, the defendants specifically alleged that La.R.S. 13:719(E)(2)(e) was unconstitutional as the commissioner could not be delegated the judicial authority to accept a misdemeanor guilty plea, convict after a misdemeanor trial, or impose a sentence. In finding that portion of the statute'unconstitutional, the court stated:
Our constitution provides that the judicial power of the state “is vested in a *618 supreme court, courts of appeal, district courts, and other courts authorized by this Article.” La. Const, art. V, § 1. Further, the constitution requires that all judges shall be elected except for appointments to fill temporary vacancies in offices. La. Const, art. V, § 22.
In Bordelon v. Louisiana Dep’t of Corrections, 398 So.2d 1103 (La.1981), this court held that La.R.S. 13:711 (as it existed at that time), which created the offices of two commissioners of the Nineteenth Judicial District Court, was not unconstitutional since its overall scheme clearly reserved all adjudicatory power to the district judge. The court found that under the version of La.R.S. 13:713(C) in force at the time, the commissioner’s authority was limited to conducting hearings on motions and submitting proposed factual findings and recommendations for disposition to the district judge. Further, the court determined that the fundamental responsibility of the district judge to make the final decision, after the commissioner conducted a hearing and submitted proposed findings and recommendations, was insured by statutory provisions requiring the district judge to make a de novo determination of any disputed finding or recommendation. The court concluded:
Certain judicial power may be delegated without any abdication of the judge’s fundamental responsibility for deciding cases. Delegation of power to conduct evidentiary hearings and to prepare proposed findings of fact and recommendations for disposition based on the evidence and arguments is not inconsistent with the constitution and laws | fiwhich vest the judicial power in judges of enumerated, courts, as long as the judges retain the responsibility for making ultimate decisions in the case.
Id. at 1105 (citation omitted) (emphasis added).
Accepting guilty pleas, rendering verdicts after presiding over a trial, and imposing sentences are unquestionably final determinations which involve the exercise of adjudicatory power. In the instant case, the commissioner, pursuant to the authority granted by La.R.S. 13:719(E)(2)(e), exercised adjudicatory power by accepting O’Reilly’s guilty plea, finding Brewster guilty after trial, and sentencing defendants. Clearly, this subsection allows the commissioner to exercise a portion of judicial power restricted by La. Const, art. V, §§ 1 and 22 to elected judges of authorized courts. The power to make the ultimate determination in a case must be exercised by duly elected judges. The commissioner, an unelected official, cannot lawfully exercise the adjudicatory power of the state. Subsection (E)(2)(e) of La. R.S. 13:719, which authorizes a non-elected person to exercise adjudicatory power, is therefore unconstitutional.
Id. at 773-774.
The O’Reilly court further found that the defendants’ convictions and sentences were valid, applying the de facto officer doctrine. The court stated that the commissioner’s actions remained valid until his authority was attacked and found to be invalid.
In Bordelon v. Louisiana Dep’t of Corrections, 398 So.2d 1103 (La.1981), the Louisiana Supreme Court granted certio-rari to review a district court’s ruling that a commissioner of the Nineteenth Judicial District Court had the authority, pursuant to La.R.S. 13:71s,[1] to conduct a hearing on plaintiffs motion for injunctive relief and *619 to submit proposed findings of fact and recommendations for final disposition to the district judge. The court agreed with the trial court and found that “the overall scheme [of the statute] clearly reserves all adjudicatory power to the |7district judge, although the commissioner may determine some pretrial motions which are not dis-positive of the case.” Id. at 1104-1105. The court stated:
Certain judicial power may be delegated without any abdication of the judge’s fundamental responsibility for deciding cases. Delegation of power to conduct evidentiary hearings and to prepare proposed findings of fact and recommendations for disposition based on the evidence and the arguments is not inconsistent with the constitution and laws which vest the judicial power in judges of enumerated courts, as long as the judges retain the responsibility for making ultimate decisions in the case. Mathews v. Weber, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). Under R.S. 13:713, as under the Federal Magistrates Act attacked in the Mathews case, the authority and responsibility to make the final determination remains with the district judge. The fundamental responsibility of the judge to make the final determination, after the commissioner conducts a hearing and submits proposed findings and recommendations, is insured by the requirement of a de novo determination of disputed findings or recommendations. Compare United States v. Raddatz, 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). (emphasis added).
We conclude that this plaintiffs constitutional due process is adequately protected by the procedure outlined in R.S. 13:713, in which the trial judge makes a de novo determination of disputed findings or recommendations and may accept, reject, or modify those findings or recommendations or require additional evidence. We accordingly reject plaintiffs contentions that his constitutional rights are impaired by the designation of a commissioner to conduct a hearing and to submit proposed findings of fact and recommendations for disposition.
Id. at 1105.
In Autrey v. Energy Corp. of America, Inc., 594 So.2d 1354 (La.App. 3 Cir.), writ denied, 596 So.2d 197 (La.1992), the trial judge ordered a Commissioner of the Fifteenth Judicial District Court to conduct an evidentiary hearing on the merits of a workers’ compensation and wrongful discharge claims and to submit to him proposed findings of fact and recommendations for the disposition of the claims. During the course of the hearing, the parties settled the workers’ compensation issues, ^leaving only the issue of wrongful discharge. After a hearing on the wrongful discharge issue, the commissioner issued a minute entry awarding the plaintiff yearly salary, vacation pay benefits, and attorney fees.
A final judgment was signed by the trial court judge. Energy appealed asserting that the trial court erred in unconstitutionally vesting adjudicatory powers in an unelected commissioner in violation of La. Const, art. 5, § 1 and La.R.S. 13:716(B).[2] This court stated:
We find Energy’s first assignment of error, that the trial court unconstitutionally vested adjudicatory powers in an unelected commissioner in violation of La. Const. Art. 5, § 1 and La.R.S. 13:716(B) to be without merit. This is Energy’s first notice of its complaint with regard to the commissioner. Ener *620 gy did not indicate in any manner, by motion or otherwise, that it objected to the court’s order directing the commissioner to hold an evidentiary hearing and make recommendations. A constitutional issue may not be raised for the first time on appeal. Succession of Savoy, 582 So.2d 298 (La.App. 3 Cir.1988).
Additionally, the commissioner did not “adjudicate” this matter. The commissioner was authorized by the trial judge to hold an evidentiary hearing and make recommendations. Delegation of power to conduct evidentiary hearings and to prepare proposed findings of fact and recommendations for disposition based upon evidence and argument is not inconsistent with the constitution and laws which vest judicial power in judges of enumerated courts, as long as judges retain responsibility for making ultimate decisions. See Bordelon v. Louisiana Dept. of Corrections, 398 So.2d 1103 (La.1981). The trial judge agreed with the findings and recommendations and signed a judgment accordingly. The trial judge clearly indicates he considered the recommendations and findings of fact of the commissioner and accepted them, (emphasis added).
Id. at 1357.
Unlike the civil cases decided under La.R.S. 13:716, the commissioner in this case did not make a recommendation that was reviewed and/or signed by an | flelected judge. The commissioner signed the search warrant. The Defendant’s constitutional due process rights are impaired by the legislature’s grant of authority to appointed commissioners to issue search warrants. Pursuant to La.R.S. 13:716(B)(1), the commissioner makes a finding of probable cause to issue a search warrant and an elected judge retains no responsibility for making the ultimate decision on the warrant. The commissioner’s finding of probable cause for the issuance of a search warrant is a final determination. That determination is not reviewed by an elected judge who is vested with judicial power by the state constitution.[3]
In O’Reilly, the Louisiana Supreme Court found that accepting pleas, adjudicating cases, and imposing sentences were final determinations which necessarily involved the exercise of judicial power. The court found unconstitutional the portion of the statute granting the commissioner power to make such determinations in misdemeanor cases. The O’Reilly court referred to the exercise of this judicial power as the “final determination” or “ultimate decision or determination” in the case. The court held that the ultimate determination in a case must be made by an elected judge and an appointed commissioner cannot lawfully exercise this adjudicatory power.
Our finding of unconstitutionality does not end our inquiry. The unconstitutional portion of the statute can be severed from the remainder of La.R.S. 13:716, without destroying the legislative intent behind the statute. In State v. Cinel, 94-0942 (La.11/30/94); 646 So.2d 309, cert. denied, 516 U.S. 881, 116 S.Ct. 215, 133 L.Ed.2d 146 (1995), the Louisiana Supreme Court stated:
*621 Louisiana law also provides for the severability of acts. Unless a law specifically provides otherwise, each provision of an act or law is severable. La.R.S. 24:175 further provides:
If any provision or item of an act, or the application thereof, is held invalid, such invalidity shall not affect other provisions, items or applications of the act which can be given effect without the invalid provision, item, or application.
Severability is therefore authorized unless the unconstitutional portions of the statute are so interrelated and connected with the constitutional parts that they cannot be separated without destroying the intention manifested by the legislature in passing the act. State v. Azar, 539 So.2d 1222 (La.1989), citing Cobb v. Louisiana Board of Institutions, 237 La. 315, 111 So.2d 126 (1958). In State v. Johnson, 343 So.2d 705 (La.1977), we stated that the test of severability is ‘whether or not the legislature would have passed the statute had it been presented with the invalid features removed.’ 343 So.2d at 708, quoting 2 Sutherland, Statutes & Statutory Construction, § 44.04 (Sands 4th ed.1973)....
Id. at 314. See also Perschall v. State, 96-0322 (La.7/1/97); 697 So.2d 240.
It appears from the reading of the first paragraph of La.R.S. 13:716 and from Judge Clause’s testimony that the legislature enacted this statute to relieve some of the case load of the judges of the Fifteenth Judicial District Court. That portion of section (B)(1) of La.R.S. 13:716 pertaining to search warrants can be severed, leaving the remainder of the statute intact and allowing the intent of the legislature to be preserved without violating the Louisiana Constitution.
InThe de facto officer doctrine applied by the Louisiana Supreme Court in State v. O’Reilly, 785 So.2d 768, is unavailing to the State. In O’Reilly, the defendants attacked the constitutionality of the statute authorizing the Commissioner’s actions after a plea of guilty in one instance and after a trial on the merits in another. The court poignantly noted that the Commissioner “... was at minimum a de facto officer sitting pursuant to an apparently valid statute whose unconstitutionality had not been attacked directly or declared at the time defendant O’Reilly 'pleaded guilty and was sentenced and at the time Brewster was tried, found guilty, and sentenced.” Id. at 778. (Emphasis supplied). In this case, Defendant Umezulike confronted the unconstitutionality of La.R.S. 13:716(B)(1) prior to the adjudication of the offenses for which he is charged.

CONCLUSION

Louisiana Revised Statutes 13:716(B)(1) is unconstitutional because it delegates the authority reserved to elected judges to make a final or ultimate determination of the existence of probable cause to search to an appointed Commissioner. We reverse the decision of the trial court and grant the Defendant’s motion to suppress the seized evidence.
WRIT GRANTED AND MADE PEREMPTORY.
DOUCET, C.J., Dissents and Assigns Written Reasons.

. This case was decided prior to the 1987 amendment to La.R.S. 13:713.

. This was the former La.R.S. 13:716.

. La.R.S. 13:716 provides that a commissioner shall not adjudicate a motion to suppress in a felony case; however, no such limitation exists for misdemeanor cases. In fact, La. R.S. 13:716 specifically provides that the commissioner can be designated to adjudicate any matter in a misdemeanor case. Therefore, should a misdemeanor defendant file a motion to suppress challenging the search warrant issued by the commissioner, the motion could be heard and ruled upon by the commissioner. In effect, this would be a final determination of the search warrant's validity.