(108 So. 791)

No. 27804.

### WICKLIFFE v. COOPER & SPERRIER et al.

### In re WICKLIFFE.

(March 29, 1926.   Rehearing Denied May 31, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Stipulations** 🔗3 — **Litigants cannot, by agreement between themselves, affect powers, duties, and prerogatives of court in its relation to other litigants, public or state; but agreement, affecting rights and obligations of parties only, becomes law of case, and must be enforced (Rev. Civ. Code, arts. 11, 1764, 1901).**

Under Rev. Civ. Code, arts. 11, 1764, 1901, litigants cannot, by agreement affecting powers, duties, and prerogatives of court in its relation to other litigants, to general public, and to state, tie hands of court without its consent or knowledge; but an agreement between parties, affecting only their own rights and obligations toward each other, and not interfering with court's general powers, becomes law of case, and must be enforced, unless set aside for lawful reason.

2. **Prohibition** 🔗5(3)—**Agreement between parties to dispute relating to building contract that owner should complete building and keep itemized account of costs for submission to court before judgment should be rendered, held to entitle owner to writ prohibiting trial judge from proceeding with action until building was completed or agreement set aside.**

Agreement between parties, executed after evidence in trial of dispute between owner and contractor was about completed, that owner should complete building and keep itemized account of costs for submission to court, to be used by court to extent it desires in rendering

161 LA.—14

judgment, and being for declared purpose of minimizing damages and to enable court to adjudicate all disputes between all parties, *held* to give owner substantial rights, of which she could not be deprived without due process of law, entitling her to writ prohibiting trial judge from proceeding with action until building was completed or agreement set aside.

Action by Lydia C. Wickliffe against Cooper & Sperrier and others. On plaintiff's application for writs of certiorari and prohibition. Writ of prohibition granted.

Dymond & Levy, Martin H. Manion, Harold A. Moise, R. J. Weinmann, and M. Fourcade, Jr., all of New Orleans, for relatrix.

Wm. J. Hennessey, of New Orleans, for respondent Cooper & Sperrier. Buck, Walshe & Buck, of New Orleans, for respondent Security Building & Loan Ass'n.

Spearing, Miller & Mabry, of New Orleans, for respondent U. S. Fidelity & Guaranty Co.

ST. PAUL, J. Cooper & Sperrier contracted with plaintiff to construct a certain building according to certain plans and specifications for a certain compensation payable on certain terms, and the United States Fidelity & Guaranty Company became the surety on the contractors' bond. The project was to be financed for account of plaintiff by the Security Building & Loan Association, who held the funds.

When the work had progressed to a certain point (apparently almost to completion), work ceased on the building because of differences which had arisen between the contractor and the owner. With the merits of that controversy we are not presently concerned; suffice it to say that each party preferred claims against the other, and the matter was taken into court for adjustment.

I.

After a lengthy trial, and when the taking of testimony therein had been about concluded, all parties to the suit, including the surety on the bond and the building association

entered into an agreement, the *declared* object of which was:

"To minimize so far as possible the losses and permit the owner * * * to continue with the construction."

In which agreement it was provided that the owner should proceed to complete the building in a certain way (not pertinent at this time) and that the building association should furnish the funds therefor up to a certain sum, the balance (if any) to be furnished by the owner; that an accurate and itemized account should be kept of the cost of the various items of work done; and that, *"after the completion of the work * * * and before the submission of the pending litigation to the court for decision,"* a copy of the agreement and the statement of costs provided for therein should be submitted to the court and filed in the record "the same as though regularly and duly offered and admitted in evidence," such information to be used by the court "to the extent it desires" in rendering judgment, *"to the end that the judgment, when rendered, shall pass upon and adjudicate all the disputes, issues, and contentions of all the parties to the suit";* the whole to be without admission that any party was at fault and without in any manner affecting the pending litigation or the judgment of the court "except as herein [therein] provided."

## II.

This agreement was entered into on August 6, 1925, and on September 3, 1925, the case was "closed"; i. e., closed *only for the taking of oral testimony,* unless the agreement above mentioned be treated as a mere idle gesture. For it recites that its own terms, and *the information* to be kept in accordance therewith, should be laid before the court before the submission of the case for decision; and whilst it is true that the court was to use the information thus given only

"to the extent it desires," yet that information was to be laid before it "to the end that the judgment, when rendered,' shall pass upon and adjudicate *all* the disputes, issues, and contentions of *all* the parties"; and therefore it was to be presumed that the court, not unmindful of the maxim of the law, *"Interest rei-publicæ ut sit finis litium,"* would (as in duty bound) avail itself of the information before it to *put an end to the litigation,* if possible, according to the expressed intention and manifest desire of the parties thereto.

## III.

Further differences seem then to have arisen between the parties over the details of the new agreement (with which again we are not presently concerned); at any rate no *effective* steps were taken by plaintiff to complete the building in accordance therewith.

So that some time before February 12th the trial judge assigned the case "for argument"; i. e., fixed it for the *final* hearing on February 18th. On that day (February 12th) plaintiff laid before the court the agreement aforesaid and moved that in accordance therewith the hearing be postponed until the building should have been completed. The trial judge, however, declined to grant the continuance, and plaintiff applies to this court for relief.

## IV.

[1] The respondent judge, after taking issue with the relator over certain irrelevant matters, answers that, "regardless of what might have been the contract entered into between the litigants on August 6, 1925, *litigants cannot, by agreement, tie the hands of the court by contracts entered into between themselves without the knowledge or consent of the court."* (Italics ours.)

Our learned brother would be quite correct in stating that litigants cannot tie the hands of the court by their agreements entered into

without its consent, if the statement be merely applied *generally*, and as relating to agreements between litigants affecting, or attempting to affect, the powers, duties, and prerogatives of the court in its relations to other litigants than themselves and to the general public and the state (R. C. C. art. 11); but he is in error if the statement be applied to *some particular case*, and as relating to the agreements between parties affecting only their own rights and obligations towards each other, so long as these agreements do not impinge upon or interfere with the court's general powers, duties, and prerogatives aforesaid. A plaintiff and defendant, sole parties to a litigation, may *agree* that plaintiff shall have judgment as prayed for, or that plaintiff's demand shall be rejected or dismissed, or that the case shall be continued (other than to a day fixed), or discontinued, etc., and the judge must not only carry out but even *enforce* that agreement, because that agreement then becomes *the law of the case* (R. C. C. arts. 1901, 1764). And, thus, as to all those phases of the suit which concern no one but the litigants themselves, and affect no rights but theirs, it is the litigant, not the judge, who is the Dominus Litis.

## V.

[2] For the rest, as long as that agreement stands, and is not set aside for some reason sufficient in law and according to the forms of law, it is binding on the parties and must be enforced by the judge as the *particular law* applicable to this case.

And in this particular case, the agreement entered into for the purpose on the one hand of *minimizing damages*, and, on the other hand, of furnishing information sufficient to enable the court to terminate *all* the disputes between *all* the parties (with its broadening of the issues and possible *curative effect* on the petition at which the defendants have leveled their plea of no cause of action), gives no mere *shadowy* rights, to be insisted upon only in a purely litigious spirit, but very *substantial* rights of which the parties cannot be deprived except by due process of law.

## VI.

We are, of course, not intimating herein that *defendants* have or have not just grounds for setting aside the agreement in due course, or substantial interests to be subserved by so doing. *That* is for them to decide in the first place, and for the courts to pass upon only if asked to do so. Nor do we mean to say that parties can by agreement delay the argument of a case so long after the hearing of the evidence that the remembrance thereof shall have faded from the memory of the trial judge, and then put upon him the additional labor of *reading* the evidence which he has once heard. It may even very well be that it is not to their interest to do so. But that is *their* concern, not ours.

## Decree.

It is therefore ordered that the respondent judge be and he is hereby prohibited from proceeding to hear the argument and render judgment in this case until the building No. 1820 Peters avenue be completed, or until the agreement of August 6, 1925, be set aside in due course. It is further ordered that the costs of this application be borne by the defendants in the suit.