BYRNES, Judge.
This is an appeal from a judgment which granted a preliminary injunction and ordered appellant United Gas Pipeline Company (United) to take the minimum quantity of gas specified in certain “take or pay” gas purchase contracts it entered into with appellee Pogo Producing Company (Pogo). We reverse and remand the case to the District Court.
Between 1974 & 1979, Pogo entered into three contracts with United relative to the purchase of natural gas. These contracts required United to take delivery of a specified minimum quantity of gas both monthly and annually. The contract further provided that United must pay for these minimum quantities of gas even if it did not take delivery of the gas. United’s failure to abide by this “take-or-pay” provision in its contract led Pogo to file suit seeking a declaratory judgment upholding its interpretation of the contract. Pogo also prayed for a preliminary mandatory injunction ordering United to perform its obligations under the take-or-pay provision of the contract. Finally, Pogo prayed for specific performance.
United attempted to remove the case to Federal Court but was ultimately unsuccessful. When the Federal Court remanded the case to Civil District Court for Orleans Parish, the district judge refered the matter to a commissioner pursuant to R.S. 13:1171(C). After extensive hearings, the commissioner found that United was breaching its contract with Pogo by not taking or paying for the minimum quanties of gas specified therein. The commissioner also found that Pogo had established its right to an injunction by showing that irreparable harm would result to the rese-voirs covered by United’s contract if the rate of production for those resevoirs was not maintained and that United’s failure to take its minimum quantity of gas was causing a drastic reduction in that rate. Finally, the commissioner concluded that Pogo did not have an adequate remedy at law other than an injunction and that the force majeure clause of United’s contract with Pogo did not excuse it from not complying with the contract’s take-or-pay provisions.
These findings and a recommendation that an injunction issue were signed by the commissioner on June 17, 1986. On June 18, 1986, the district judge, following the recommendation of the commissioner, entered judgment granting Pogo’s request for a preliminary injunction and enjoining United from taking less gas than the monthly minimum set forth in its contracts with Pogo. On June 26, 1986 United filed a pleading styled Motion to Annul or Set Aside Judgment or alternatively, Motion for a New Trial. In this pleading United argued that the district court had violated the provisions of R.S. 13:1171 by signing the preliminary injunction recommended by the commissioner without giving United ten days from service of written notice of the commissioner’s report to file exceptions as required by R.S. 13:1171 (E) & (F). United also attacked the merits of the case, arguing that issuance of the injunction was contrary to the law and evidence. The district judge denied both Motions on June 27, 1986. On July 3, 1986 United moved for and was granted a suspensive appeal from the judgment granting the injunction. Pogo then applied to this court for supervisory writs on July 7, 1986 arguing that a suspensive appeal from the granting of the preliminary injunction in this case was a abuse of the district judge’s discretion under C.C.P. Art. 3612. United filed a cross-application for supervisory writs seeking review of the district judge’s alleged failure to follow the procedures set forth in R.S. 13:1171. This court granted Pogo’s application, vacated the suspensive appeal, *636 and allowed United to pursue a devolutive appeal. United’s application was denied based on the court’s refusal to exercise supervisory jurisdiction when an adequate remedy was available to United by way of appeal. That appeal is now before us.
United has re-urged its contention that the injunction was issued in violation of R.S. 13:1171 and that, regardless of the applicability of R.S. 13:1171, Pogo did not prove its right to an injunction. We do not reach the question of whether Pogo proved its right to an injunction because, in our opinion, the district judge erred by issuing the injunction without allowing United ten days to file exceptions to the commissioner’s report and conducting a hearing on those exceptions as required by R.S. 13:1171 (F) & (G).
Under R.S. 13:1171 the role of the commissioner is limited to the gathering of facts and the formulation of a recommendation to the district judge. The ultimate decision making authority is, and must, be vested in the district judge in order to protect the due process rights of litigants. Bordelon v. La. Dept. of Corrections, 398 So.2d 1103 (La.1981), Whitney National Bank v. Derbes, 436 So.2d 1185 (La.App. 4th Cir.1983). The provisions of R.S. 13:1171 (E)(F) & (G) are the mechanisims by which those due process rights are exercised and protected.
Pogo argues that these steps were not required because R.S. 13:1171 (0) provides that:
In those cases which are assigned to the commissioners under Subsection C of this Section, any pending exceptions, motions for summary judgment, or other incidental matters shall be heard by the commissioner to whom the case has been allotted, and all rulings and judgments on all such incidental matters may be signed by the district judge immediately upon receipt by him of the commissioner’s recommendation without the necessity for compliance with the provisions of Subsections D, E, F, and G of this Section. (Emphasis added)
It is Pogo’s contention that the issuance of a preliminary injunction is an “incidental matter” and that the district judge therefore did not err by signing the judgment ordering the injunction the day after the commissioner recommended this course of action. Under the facts of this case, we cannot agree.
All of Pogo’s demands in the district court were based on the take or pay provisions of its contract with United. Thus, in reaching her decision the commissioner was required to interpret these provisions, the meaning of which will ultimately decide the merits of the case. Moreover, our review of the pleadings and the 632 pages of testimony offered at the commissioner’s hearing convinces us that the evidence necessary to reach a decision on the merits of Pogo’s claims would be substantially, if not exactly, the same as was presented to the commissioner in support of the preliminary injunction. Under these circumstances, where a decision on a preliminary injunction is virtually the same as a decision on the merits, we cannot characterize the issuance of the injunction as an “incidental” matter under R.S. 13:1171 (0). By failing to comply with R.S. 13:1171 (E)(F) & (G), the district judge in essence allowed the commissioner to exercise adjudicatory authority, and deprived United of the right to present and argue its exceptions to the commissioner’s findings before a duly elected judge.
We are not persuaded by Pogo’s argument that United waived its right to except to the commissioner’s report by not including those exceptions in its Motion for New Trial or Motion to Annul or Set Aside Judgment. These motions were clearly intended to persuade the district judge to reconsider his decision and give United ten days to present its exceptions in accordance with R.S. 13:1171 (F). If United had the right to a ten day period in which to file exceptions, we cannot see how it waived that right by not filing the exceptions before the ten day period commenced.
For the foregoing reasons the judgment of the district court granting Pogo a preliminary injunction is hereby vacated. The case is remanded to the district judge who is ordered to permit United to file excep *637 tions to the commissioner’s report pursuant to R.S. 13:1171 (F) and to conduct a hearing on those exceptions as required by R.S. 13:1171 (G). Costs of this appeal are to be paid by Pogo.
REVERSED AND REMANDED.