520 So.2d 475 (1988)
QUARLES DRILLING CORPORATION
v.
GENERAL ACCIDENT INSURANCE CO., et al.
No. CA 8625.
Court of Appeal of Louisiana, Fourth Circuit.
February 25, 1988.
Victoria Lennox Bartels, Wessel, Bartels & Ciaccio, Law Corp., New Orleans, for plaintiff/appellant.
W.K. Christovich, Christovich & Kearney, New Orleans, for defendants/appellees.
Before GULLOTTA, C.J., and SCHOTT, KLEES, WILLIAMS and PLOTKIN, JJ.
SCHOTT, Judge.
This case has been briefed by the parties and is scheduled for oral argument. The case was referred by the trial judge to a commissioner pursuant to LSA-R.S. 13:1171. After a lengthy trial, the commissioner made his report and recommendation to the trial judge and appellant filed exceptions to the report. The trial judge declined to order the transcript prepared and decided the case solely on the basis of the commissioner's report, the exceptions, and argument of counsel.
In its first assignment of error appellant contends that the trial court failed to comply with R.S. 13:1171(G) which provides:
If exceptions are filed to the report within ten days, the judge shall set them down for hearing, at the most convenient time, shall hear argument, and decide the exceptions on the record as made up before the commissioner.
Appellant argues that the trial judge was obliged to have the transcript prepared and to determine if the commissioner's report was supported by the evidence.
This assignment has merit. The statute requires that the trial judge have the "record" before him when he considers the exceptions to the report. This "record" *476 cannot be construed to mean the report standing alone. It can only mean the transcript of the testimony and the exhibits.
If the procedure employed by the trial court in this case were deemed to be in compliance with the statute, the statute itself might be vulnerable to attack on constitutional grounds. In Louisiana the constitution requires that all judges shall be elected. LSA-Const. Art. 5 § 22. This provision confers on a litigant the corresponding right to have his case decided by an elected judge, and not by a commissioner appointed by the judges. The decision making process necessarily requires consideration of the testimony and weighing the evidence. This cannot be accomplished by the trial judge if the transcript is not available to him before he reaches a decision.
In Whitney National Bank of New New Orleans v. Derbes, 436 So.2d 1185 (La.App. 4th Cir.1983), writ refused, 441 So.2d 1220, this court rejected an attack on R.S. 13:1171 by a litigant who contended that his constitutional right to have his case heard by an elected judge was impaired even though the statute was complied with. The court noted that the commissioner's role is limited to gathering the facts and making recommendations to the judge in whom is vested the authority to decide the case. The court concluded that the litigant rights were not violated in the Whitney case because the elected judge reviewed the transcript in considering exceptions to the commissioner's report. See also A & B Rest. Equipment v. Homeseekers S. & L., 506 So.2d 137 (La.App. 4th Cir.1987), writ denied, 512 So.2d 852. Because in the present case the trial judge did not decide the case on the record both the statute and the constitution were violated.
Appellant would have this court solve the problem by deciding the case "de novo". As an appellate court it is our function to review the judgments of the trial courts under our jurisdiction. Since the trial judge did not decide the case on the record, the only solution is to remand the case to the trial court for adjudication in compliance with the law.
We likewise reject appellees' argument that a review of this lengthy transcript by the trial judge after the commissioner heard the trial for six weeks would be a "ridiculous requirement". In effect appellees are arguing that the recommendation of the commissioner be accepted as the decision of the trial court. This ignores the constitutional requirement that the ultimate decision maker be an elected judge and it ignores the plain wording of the statute which confers about as much authority on the commissioner as it can without infringing on the power vested by the constitution in elected judges.
Accordingly, this case is remanded to the trial court for compliance with R.S. 13:1171(G) by rendering a judgment after reviewing the transcript of the testimony taken by the commissioner and the exhibits presented to him.
REMANDED.
GULOTTA, C.J., and WILLIAMS and PLOTKIN, JJ., concur.
GULOTTA, Chief Judge, and WILLIAMS and PLOTKIN, Judges, concurring.
Our concern is the question of costs of the transcript required to complete the record for the hearing on the exceptions to the commissioner's report. The trial court should administratively develop a policy for the allocation of transcript costs which will not be the litigant's responsibility in commissioner's referred cases.