535 So.2d 33 (1988)
Adair D. JONES
v.
NEW ORLEANS LEGAL ASSISTANCE CORPORATION and Jim Sacher.
No. 88-CA-0676.
Court of Appeal of Louisiana, Fourth Circuit.
November 29, 1988.
Johnnie A. Jones, Sr., Johnnie A. Jones, Jr., Jones & Jones, Baton Rouge, for plaintiff-appellant.
Ann Maclaine, New Orleans Legal Assistance Corp., Bruce C. Waltzer, New Orleans, for defendants-appellees.
Before GARRISON, BARRY and WILLIAMS, JJ.
WILLIAMS, Judge.
On the court's own motion to remand, the judgment of the trial court is vacated and the trial court is ordered to make a de novo review of the entire record, including the transcript of the proceeding held before the civil district court commissioner.
This wrongful forfeiture of wages and abuse of rights suit was referred by the trial court to a civil district court commissioner pursuant to LSA-R.S. 13:1171. After hearing the plaintiff's evidence on the wrongful forfeiture of wages claim and refusing to hear plaintiff's evidence on the abuse of rights claim, the commissioner granted defendant's motion to dismiss. Thereafter, plaintiff filed exceptions to the commissioner's report which the trial court denied. The lower court's reasons for judgment indicated that although it is constitutionally required to do so, the court could not make a de novo determination based upon the record because the plaintiff was unwilling to order a copy of the transcript of the proceedings held before the commissioner.
From the trial court's judgment affirming the commissioner's recommendation, *34 plaintiff appeals assigning five errors. However, following this circuit's rule as enunciated in Quarles Drilling Corp. v. General Accident Ins. Co., 520 So.2d 475 (La.App.4th Cir.1988) and Duroncelet v. Doley, 530 So.2d 653 (La.App.4th Cir. 1988)[1], we vacate the lower court's judgment and remand without determining the merits of plaintiff's claims.
In Quarles Drilling Corp. v. General Accident Ins. Co., 520 So.2d 475 (La. App.4th Cir.1988), a five judge panel of this circuit held LSA-R.S. 13:1171(G) and LSConst. Art. 5, Section 22 require the trial court to render a judgment based upon the transcript and exhibits from the proceedings held before the commissioner when it considers a litigant's exceptions to a commissioner's report. Quarles indicated that had we held otherwise, LSA-R.S. 13:1171(G) might be vulnerable to constitutional attack because the Louisiana Constitution requires all judges to be elected and provides litigants with a corresponding right to have their cases decided by an elected judge. Consequently, because commissioners hold office by appointment, their function is limited to gathering facts and making recommendations to a trial judge who is vested with authority to decide the litigant's case.
In the instant case, the trial court supported its decision not to make a de novo review of the transcript from the commissioner's proceeding with the assertion that "the plaintiff's unwillingness to order the transcript" makes "it impossible to make the required de novo determination on the record." We disagree. The cost of preparing the transcript of the proceeding before the commissioner should not fall upon the litigants, as they are constitutionally entitled to have their case decided by an elected trial judge. This right does not hinge upon the litigant bearing the cost of transcript preparation. See concurring opinion, Quarles Drilling Corp. v. General Accident Ins. Co., 520 So.2d 475 (La.App.4th Cir.1988) ["The trial court should administratively develop a policy for the allocation of transcript costs which will not be the litigant's responsibility in commissioner's referred cases."]
For the reasons assigned, the judgment of the trial court is vacated and the case remanded for de novo review consistent with this order.
VACATED AND REMANDED.
NOTES
[1] When considering a litigant's exceptions to a commissioner's report, the trial judge is required to review the transcript of the proceedings held before the civil district court commissioner and make a de novodetermination of the commissioner's disputed findings.