PLOTKIN, Judge,
dissents with written reasons:
Because I disagree with the majority’s conclusion that the plaintiff is precluded *812 from raising his objections concerning the legality of the form signed by the parties which waived the provisions of LSA-R.S. 13:1171(D) through (G), I respectfully dissent.
LSA-R.S. 13:1171, the pertinent provisions of which are quoted by the majority, is a mandatory statute. It establishes the rights and the responsibilities of parties who allow their disputes to be heard by Civil District Court commissioners. Additionally, and perhaps more importantly, the Louisiana State Constitution, in Art. 5 Sec. 22, requires that all judges shall be elected. This provision has been interpreted by this court to confer upon parties to a lawsuit the absolute right to have their controversy decided by an elected judge, not by a commissioner. Quarles Drilling Corporation v. General Accident Ins. Co., 520 So.2d 475, 476 (La.App. 4th Cir.1988). In Jones v. New Orleans Legal Assistance Corp., 535 So.2d 33 (La.App. 4th Cir.1988), this court stated that the trial court is “constitutionally required” to make a de novo determination based upon the record, Id. at 33, and that the litigants are “constitutionally entitled to have their case decided by an elected trial judge.” Id. at 34. The Quarles court indicated that the statute which allows commissioners to hear cases “might be vulnerable to attack on constitutional grounds” were the requirements that an elected judge review the case after the commissioner files his report not included in the statute. Quarles, supra, 520 So.2d at 476.
Prior to this case, the function of Civil District Court commissioners has been strictly limited by this court’s opinions to “gathering facts and making a recommendation” to a trial judge who is vested with authority to decide the litigant’s case. Mintz v. Jefferson Ins. Co., 537 So.2d 1241 (La.App. 4th Cir.1989); Jones, supra, 535 So.2d at 34.
In Pogo Producing Co. v. United Gas Pipe Line Co., 504 So.2d 634 (La.App. 4th Cir.1987), the trial judge issued an injuction on the basis of a commissioner’s recommendations before the passage of the ten days allowed by the statute for the litigants to file exceptions to the commissioner’s report. This court reversed that decision, finding that the trial judge had improperly “allowed the commissioner to exercise adjudicatory authority, and deprived [the defendant] of the right to present and argue its exceptions to the commissioner’s findings before a duly elected judge.” Id. at 636. In the instant case, the trial court signed the commissioner’s report just six days after it was filed with the clerk of court. Thus, the plaintiff was obviously deprived of his right to present and argue any exceptions to the report to a duly elected judge.
The Louisiana Supreme Court has never interpreted LSA-R.S. 13:1171, relative to commissioners of the Civil District Court for Orleans Parish; however, it has interpreted LSA-R.S. 13:713, relative to commissioners of the Nineteenth Judicial District Court. In Bordelon v. Louisiana Dept. of Corrections, 398 So.2d 1103, that court stated as follows:
After the findings and recommendations are submitted by the commissioner and the parties are afforded an opportunity to traverse in writing the district judge makes a de novo determination of any disputed finding or recommendation and accepts, rejects or modifies the commissioner’s report in whole or in part. If necessary, the judge can receive further evidence or recommit the matter to the commissioner with instructions. The overall scheme clearly reserves all adjudicatory power to the district judge, although the commissioner may determine some pretrial motions which are not dis-positive of the case.
[[Image here]]
The fundamental responsibility of the judge to make the final determination, after the commissioner conducts a hearing and submits proposed findings and recommendations, is insured by the requirement of a de novo determination of disputed findings or recommendations.
Id. at 1104-105.
Despite that pronouncement by the Supreme Court, as well as an unbroken line of jurisprudence from this court, that parties *813 are constitutionally entitled to review of the proceedings by a duly elected judge, the majority holds that the parties waived that constitutional right by signing a form. I disagree with that interpretation because I do not believe that trial courts can allow parties to waive constitutional guarantees designed to protect fundamental rights.
Trial courts are bound by stipulations between the parties only when those stipulations are not in derogation of law. R.J. D’Hemecourt Petroleum v. McNamara, 444 So.2d 600, 601 (La.1983); Larson v. Huskey, 440 So.2d 769, 774 (La.App. 4th Cir.1983). Additionally, it has been long established that written stipulations between the parties which affect the powers, duties and prerogatives of the court can be given no effect. Wickliffe v. Cooper & Sperrier, 161 La. 417, 108 So. 791 (1926). Thus, I believe that the majority’s conclusion is incorrect.
Many practical reasons for the above rule exist. Litigants could be coerced by a judge or an opposing attorney into signing waiver forms in order to expedite the setting of a trial date. In the instant case, the majority notes that the case was set for trial and continued three times. My review of the record indicates that the case was first set for trial on May 9, 1989, at which time it was “bumped” and reset for May 11, 1989. On May 11, it was again continued; the only notation on the document which indicates the continuance states that “Judge Garvey’s trying to get a [sic] Ad Hoc Judge to try this on Monday, May 15, 1989.” On May 15, the parties signed the waiver form and the trial was held. Whether the case was continued two or three times, it is clear from the record that the parties had difficulty getting their dispute heard by the trial judge. If the opportunity to get the case tried expeditiously was conditioned on signing of the waiver form, the parties did not sign the form “knowingly and voluntarily” as the majority indicates. I do not believe that the parties should be barred from making their objections to this procedure, which violates fundamental constitutional rights, on appeal.
For the above and foregoing reasons, I would reverse the ruling of the trial court and remand the case for de novo consideration by a duly elected judge.