WILLIAMS, Judge.
The plaintiff filed suit to collect payment for plumbing work performed on defendant Kohlman’s property. Kohlman filed a third party complaint against his insurer State Farm. The case was referred to a Commissioner of Civil District Court pursuant to R.S. 13:1171. State Farm filed a Motion for Summary Judgment contending that the policy sued upon did not provide coverage for the type of plumbing work performed. The Commissioner held a hearing October 27, 1989 and issued a report that day granting the Motion. The notice of filing of the Commissioner’s report was filed November 17, 1989 and was served on Kohlman’s counsel November 30,1989. On December 8, 1989 Kohlman’s counsel filed an “Opposition to Motion to Summary Judgment” objecting to the report of the Commissioner as being “not in accordance with the law or facts.” The civil district court judge signed a judgment granting summary judgment on December 19, 1989. He signed an identical judgment on January 9, 1990. Also on January 9, the trial judge denied the “Opposition to Motion to Summary Judgment” as untimely. Kohl-man then brought this appeal arguing that the trial court erred in not conducting a de novo review before affirming the Commissioner’s recommendation.
In Quarles Drilling Corp. v. General Accident Ins. Co., 520 So.2d 475 (La.App. 4th Cir.1988), a five judge panel of this court held that LSA-R.S. 13:1171(G) and LSA-Const. Art. 5, Section 22 require the trial court to render a judgment based upon the transcript and exhibits from the proceedings held before the Commissioner when it considers a litigant’s exceptions to a Commissioner’s report. Quarles indicated that had this court held otherwise, LSA-R.S. 13:1171(G) might be vulnerable to constitutional attack because the Louisiana Constitution requires all judges to be elected and provides litigants with a corresponding right to have their cases decided by an elected judge. Consequently, because Commissioners hold office by appointment, their function is limited to gathering facts and making recommendations to a trial judge who is vested with authority to decide the litigant’s case. Jones v. New Orleans Legal Assistance Corporation, 535 So.2d 33 (La.App. 4th Cir.1988).
The trial court dismissed Kohlman’s exceptions as untimely. However, LSA-R.S. 13:1171(E) provides that the Commissioner’s report shall be filed with the Clerk of the Civil District Court, who shall at once give written notice to counsel of record that such report has been filed. This notice must be served by the Civil Sheriff. LSA-R.S. 13:1171(F) provides that exceptions may be filed within ten days after the notice. In this case, the Sheriff served notice on the counsel of record on November 30, 1989. The filing of the “Opposition to Motion To Summary Judgment” on December 8, 1989 was therefore timely under LSA-R.S. 13:1171(E) & (F). R.S. 13:1171(G) provides that if exceptions are filed to the report within ten days, the judge shall set them down for hearing, at the most convenient time, shall hear argument, and decide the exception on the record as made up before the Commissioner.
As such, the trial court erred in ruling Kohlman’s exceptions untimely. The trial court’s granting of summary judgment is *1274 reversed. The case is remanded so that the Court can make a de novo determination based on the record before the Commissioner.
REVERSED AND REMANDED.