J^PLOTKIN, J.
The primary issue in this appeal is whether a trial court may enter judgment against a defendant insurance company under the uninsured/underinsured motorist (“UM”) provisions of its automobile liability policy issued to a tortfeasor, if the insurance company has never admitted that it provides UM coverage. A secondary issue is whether a plaintiff who alleges that an appeal brief filed by a defendant insurance company supports his claim that the insurance company failed to promptly and fairly adjust his claim may file an untimely cross-appeal complaining of a trial court’s failure to issue judgment on that issue.
Facts
Plaintiff, John H. Smith, Jr., claims that he suffered personal injury on June 10, 1996, while a passenger in a medical van owned by defendant Jefferson Transit, Inc. and driven by defendant, Wayne Pittman, an employee of defendant, Jefferson Parish Hospital Service District No. 2, Parish of Jefferson, State of Louisiana, d/b/a East Jefferson General Hospital (hereinafter “East Jefferson”). The accident allegedly occurred while Mr. Pittman was accelerating the van to merge onto Interstate 10 from the Carrollton Avenue overpass in *156 the City of New | ^Orleans. Mr. Pittman was allegedly forced to suddenly apply his brakes in order to avoid hitting another vehicle, which was never identified.
Mr. Smith filed suit, naming Mr. Pittman (identified in his original petition as “John Doe”), Jefferson Transit, East Jefferson, and Empire Fire & Marine Insurance Co. (“Empire”). In his petition, Mr. Smith simply named Empire as a defendant under Louisiana’s Direct Action Statute and alleged that Empire had failed to adjust his claim fairly and promptly in violation of the requirements of LSA-R.S. 22:1220(c). Empire answered, admitting that it provided a liability policy to East Jefferson, and asserting that the negligence of the phantom driver was the sole cause of the accident. Empire also asserted that Mr. Smith was negligent “in failing to securely belt himself in the vehicle as the seat belts were available for his use.”
Thereafter, Mr. Smith issued a subpoena to Empire, commanding it “to produce and permit inspection and copying of the following documents or objects” for trial:
A certified and/or true copy of the policy of insurance issued by Empire Fire and Marine Insurance Company to the Jefferson Parish Hospital Service District No. 2, Parish of Jefferson, State of Louisiana, and/or Jefferson Transit, Inc., which policy was alleged to be in full force and effect on or about June 10, 1996, and further said policy is applicable to a vehicle in which plaintiff, John H. Smith, Jr., was a passenger, in a vehicle insured by Empire, operated by Wayne Pittman, and to appear in court and testify to the truth thereof.
The return on the service of the subpoena indicates that it was served on Empire’s attorney, Stephen Elliott, on January 14, 2000.
On the morning of trial, the following colloquy occurred:
Mr. Hardy:
I’m Ford Hardy for the plaintiff.
Mr. McEaehin:
|4I’m Eugene McEaehin, Jr. I represent the defendant, Wayne Pittman, East Jefferson General Hospital District whatever and the — I don’t think we represent Jefferson Transit. I don’t think Jefferson Transit is still a party. That’s a separate interest. What I represent is the East Jefferson General Hospital and the driver and insurance.
Mr. Hardy:
Plaintiff will stipulate to the damage [sic] do not exceed fifty thousand dollars. We have received the telephone communications from Wayne Parker at Charity to the effect he thinks the medical bill has a balance of three thousand dollars. Charges are pretty close to ten thousand. He is bringing a bill over and we will fight that when he gets here. Mr. McEaehin:
We have also agreed between counsel to stipulate that Empire Fire and Marine Insurance Company has a policy issued that covers the claims, the liability claims presented in this matter by the plaintiffs with limits of one million dollars.
Mr. Hardy:
Do I[sic] have a copy of the policy?
Mr. McEaehin:
No. I don’t.
Mr. Hardy:
It was subpoenaed.
Mr. McEaehin:
I didn’t get the subpoena and I don’t have the policy.
Mr. Hardy.
And you have uninsured motorist coverage of a million two [sic].
Mr. McEaehin:
*157 I don’t know.
Mr. Hardy:
Five million liability and a million uninsured motorist....
Following the presentation of evidence in the case, the trial court issued reasons for judgment assessing 50 percent of the fault for the accident to Wayne Pittman and 50 percent of the fault to the phantom driver. In the judgment itself, the trial court simply rendered in favor of Mr. Smith and against East Jefferson in [ sthe sum of $21,854.45, and against Empire in the sum of $21,854.45. Judgment was also rendered in favor of Medical Center of Louisiana and against the defendants in the same proportions in the sum of $1,287.23.
UM coverage
Empire appeals, asserting that the trial court improperly assessed liability under the UM portion of its policy insuring East Jefferson, claiming that it had never been named as UM carrier for East Jefferson, that it had never admitted its status as UM carrier for East Jefferson, and that it was never served or entered an appearance as UM carrier for East Jefferson. Accordingly, Empire claims that the trial court could not cast it in judgment as the UM carrier for East Jefferson. Empire does not appeal Lability or quantum.
Following our close review of the record, we find no merit in any of Empire’s claims. In fact, Empire is incorrect in its claim that Mr. Smith’s petition named Empire only as the liability insurer of East Jefferson; the petition names Empire simply as a defendant under the Direct Action Statute and asserts that Empire failed to fairly and promptly adjust his claim as required by LSA-R.S. 22:1220. It is Empire that misrepresents in its answer that it provided only a liability policy in favor of East Jefferson, when it actually provided both liability and UM coverage in favor of East Jefferson. That point would have been clear had Empire responded appropriately to the subpoena commanding it to produce the policy. Instead, Empire tried to misrepresent the policy provisions by offering to stipulate that it provided $1 million in liability insurance, when the policy actually provided $5 million in liability coverage, plus $1 million in UM coverage. Instead of providing the policy as ordered, Empire’s attorney asserted at trial that he never 1 ^received the subpoena, despite the fact the record indicates that it was delivered to another attorney in his office, who is also an attorney of record for Empire. In addition to the fact that none of Empire’s arguments has merit, we have three other reasons for affirming the trial court judgment.
First, Mr. Smith correctly argues that UM coverage is statutorily provided as a part of all automobile liability policies, in the absence of a valid, written rejection of UM by the insured. The rule was recently reiterated by the Louisiana Supreme Court as follows:
Under Louisiana’s UM statute, La. R.S. § 22:1406, automobile liability insurance delivered or issued for delivery in Louisiana and arising out of ownership, maintenance, or use of a motor vehicle registered in Louisiana and designed for use on public highways must provide UM motorist coverage equal to the liability provided for bodily injury, unless UM coverage has been validly rejected or lower UM limits have been selected. Jones v. Henry, 542 So.2d 507, 508 (La.1989). The requirement that there be UM coverage is an implied amendment of any automobile liability policy, even one which does not expressly address the subject matter, as UM coverage will be read into the policy unless validly rejected. Roger v. Estate of Moulton, 513 So.2d 1126, 1130 (La.1987).
*158 Magnon v. Collins, 98-2822, p. 5 (La.7/7/99), 739 So.2d 191, 195-96. Thus, Empire’s entire argument is disingenuous; once it admitted that it issued liability coverage in favor of East Jefferson, it essentially admitted that it also issued UM coverage in favor of East Jefferson, absent evidence of rejection of UM by the insured.
Second, as noted, Empire admitted in its answer to Mr. Smith’s petition that it issued a liability policy in favor of East Jefferson. Additionally, on the day of trial, Empire’s attorney, without objection, allowed Mr. Smith’s attorney to stipulate that the insurance policy had limits of $5 million liability coverage and $1 UM coverage. That admission and stipulation are sufficient to preclude Empire |7from arguing in this court that Empire cannot be cast in judgment as East Jefferson’s UM insurer. This conclusion is consistent with the rule established in Levet v. Calais & Sons, Inc., 514 So.2d 153 (La.App. 5 Cir.1987), in which the court found that a tortfeasor and its insurer that admitted vicarious liability without distinguishing between compensatory and exemplary damages was precluded from raising its claim that the exemplary damage award was improper. Id. at 159. That conclusion was based on hornbook principles concerning the legal effect of stipulations, explained by the court as follows:
“A stipulation has the effect of a judicial admission or confession, which binds all parties and the court. Placid Oil Company v. AM. Dupont Corporation, 244 La. 1075, 156 So.2d 44 (1963). Stipulations between the parties in a specific case are binding on the trial court when not in derogation of law.” Wickliffe v. Cooper and Spender, 161 La. 417, 108 So. 791 (1926).
Id., quoting R.J. D’Hemecourt Petroleum v. McNamara, 444 So.2d 600 (La.1983). Thus, Empire is precluded by its stipulation from complaining about the trial court’s decision to cast it in judgment as East Jefferson’s UM insurer.
Third, the trial court’s judgment casting Empire in judgment as the UM insurer of East Jefferson is consistent with the evidence, including the stipulations, presented at trial. La. C.C.P. art. 1154, relative to “Amendment to conform to evidence,” provides, in pertinent part, as follows:
When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure to so amend does not affect the result of the trial of these issues.
In this case, when Empire’s attorney failed to object to the stipulation offered by Mr. Smith’s attorney relative to the $1 million in UM coverage, he gave implied |sconsent to the stipulation. Empire cannot now complain that the trial court entered judgment consistent with the implied amendment to the pleadings.
Accordingly, we affirm the trial court judgment against Empire and in favor of Mr. Smith.
Mr. Smith’s cross-appeal
When Mr. Smith filed his petition naming Empire as a defendant in this case, he asserted his entitlement to penalties and attorney’s fees under the provisions of LSA-R.S. 22:1220 for Empire’s failure to fairly and promptly adjust his claim. The trial court judgment is silent on that issue. Mr. Smith failed to appeal that issue to this court during either the 30-day delay for filing a suspensive appeal established by La. C.C.P. art. 2123 or the *159 60-day delay for filing a devolutive appeal established by La. C.C.P. art.2087. However, some four months after the issuance of the trial court judgment, following the filing of Empire’s brief in this court, Mr. Smith filed a “Motion for Leave to File Cross-Appeal” in the trial court. Despite the fact the trial judge signed that motion, no appeal was ever perfected in this court.
In his motion, Mr. Smith alleged that allegations of Empire’s brief in this court prove that Empire, “with knowledge and forethought, breached its duty as an insurer in an attempt to conceal uninsured motorist coverage with its insured.” Mr. Smith’s claims are also supported by copies of letters, attached to Mr. Smith’s brief in this court, but not found in the trial court record, from Empire’s attorneys to Mr. Smith’s attorneys in which Empire’s attorneys repeatedly tried to stipulate that it provided $1 million worth of liability insurance in favor of East Jefferson.
laWhen Empire’s appeal was perfected in this court, the trial court was divested of jurisdiction over the case. La. C.C.P. art. 2088. Accordingly, the trial court had no jurisdiction to grant the motion for cross-appeal filed by Mr. Smith some four months after it was divested of jurisdiction. Moreover, because Mr. Smith did not perfect his own appeal in this court, or answer Empire’s appeal, this court is prohibited from considering the allegations in Mr. Smith’s cross-appeal. Accordingly, all Mr. Smith’s arguments relative to his cross-appeal are struck from his appellate brief.
Conclusion
Accordingly, the trial court judgment in favor of Mr. Smith and against Empire is affirmed.
AFFIRMED.