| .MAX N. TOBIAS, JR., Judge.
Maxine Thomas appeals a judgment of the Office of Workers’ Compensation Administration denying her claims for workers’ compensation benefits with prejudice. Although the appellant on appeal assigns two errors, we discuss only the assignment relating to a succeeding signing the judgment in place and stead of the judge who heard the evidence. Therefore, we preter-mit a discussion of the underlying facts of the present case, vacate the judgment of the administrative law judge, and remand for further proceedings.
The record on appeal reflects the following:
The trial of the present case was held on 8 May 2002 before Workers’ Compensation Judge Clara E. Toombs. At the end of the trial, Judge Toombs took the matter under advisement and ordered that post-trial memoranda of law be submitted within five working days. On 23 August 2002, Judge Toombs resigned as a judge prior to rendering a judgment or assigning any reasons for any judgment. On 18 September 2002 at Baton Rouge, Dan Boudreaux, Director/Assistant Secretary of the Louisiana Department of Labor, Office of ^Workers’ Compensation Administration, appointed Judge Sheral C. Kellar as successor to Judge Toombs. On 18 September 2002, Judge Kellar signed a judgment dismissing Ms. Thomas’ claim with prejudice. A notice of judgment required by La. C.C.P. art.1913 was mailed by Judge Kellar on 20 September 2002. On 10 October 2002, Ms. Thomas’ suspensively appealed the judgment.
La. R.S. 13:4209 states:
A. In all cases heard and taken under advisement of the district judge or *669 judges of the city courts, if the judge before whom a case is tried dies, resigns, or is removed from office, or if his term expires before rendering his judgment in the case, his successor in office shall decide the case from the evidence in the record, if all of the testimony is in writing. If it is a case in which the testimony has not been reduced to writing, the succeeding judge shall decide the case from a statement of the facts, if one is found in the record, or if the parties to the suit agree upon a statement of facts. If the testimony is not in the record, and there is no statement of facts, the case shall be tried de novo. B. (1) In cases which are heard and in which judgment is rendered, but not signed, whether the case was taken under advisement or not, if the judge who rendered the judgment dies, resigns, or is removed from office, or if his term expires before signing the judgment in the case, his successor in office shall have the authority to sign a judgment which conforms with the judgment rendered.
(2) If a prior judge has stated an affirmative intent to sign a judgment and failed to do so for whatever reason, the successor judge is empowered to sign the judgment
We hold that La. R.S. 13:4209 applies to cases tried before an administrative law judge such as Judge Kellar. Employers Nat. Ins. Co. v. Workers’ Compensation Second Injury Board, 95-1756 (La.App. 1 Cir. 4/4/96), 672 So.2d 309; Bass v. National Maintenance Corp., 95-0367 (La.App. 1 Cir. 12/15/95), 665 So.2d 782; Ramogasse v. Lafitte Welding Works, 93-682 (La.App. 5 Cir. 12/13/95), 666 So.2d 1176; Ridlen v. St. Charles Manor Nursing Center, Inc., 94-275 (La.App. 5 Cir. 10/12/94), 644 So.2d 244. Further, we understand that the statutory mandate is met only when the trial judge has before him or her the evidence, i.e., testimony and exhibits, that the previous judge received in evidence. Id.; see also, Quarles Drilling Corp. v. General Acc. Ins. Co., 520 So.2d 475, 476 (La.App. 4 Cir.1988). Nothing in the record before us indicates (a) that Judge Toombs rendered a judgment before she resigned on 23 August 2002 or (b) that Judge Kellar reviewed any evidence that Judge Toombs heard. If Judge Kel-lar reviewed any evidence that Judge Toombs heard, she was required to state that she was complying with La. R.S. 13:4209; if such appeared of record, the judgment would be valid and ripe for purposes of appellate review.[1] Polozola v. Garlock, 376 So.2d 1009, 1011 (La.App. 1 Cir.1979).
It is readily apparent from the record that the testimony in this case was not transcribed by a court reporter until after Ms. Thomas filed her motion for appeal. |4 Although it is possible that Judge Kellar listened to a tape recording of the trial held before Judge Toombs, nothing in the record on-appeal exists upon which to base *670 such a conclusion. Reinforcing the inference that Judge Kellar did not evaluate the evidence submitted at trial are: (a) Judge Toombs’ failure to state any intent to render a judgment for either party; (b) an absence of any reasons for judgment being assigned by Judge Toombs after she .took the matter under advisement; (c) Judge Kellar’s failure to assign oral or written reasons for judgment; (d) the fact that the judgment was signed on the same day that Judge Kellar was appointed the successor judge; and (e) the fact that the judgment was obviously prepared for the signature of Judge Toombs yet signed by Judge Kellar.
We are required to decide whether a trial judge’s decision is manifestly erroneous or clearly wrong. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993); Alexander v. Pellerin Marble & Granite, 93 1698 (La.1/14/94), 630 So.2d 706. We cannot do so until a trial judge has rendered a judgment upon evidence that the trial judge has actually heard and or reviewed. La. R.S. 23:1310.5(A). See also, Darensbourg v. The Great Atlantic and Pacific Tea Company, Inc., 94-0761 (La.App. 1 Cir. 11/9/95), 665 So.2d 35, 37; Ledoux v. Southern Farm Bureau Casualty Insurance Compnay, 337 So.2d 906, 908 (La.App. 3 Cir.1976). Accordingly, we are required to and do hereby vacate the 18 September 2002 judgment and remand this matter to the trial court for further proceedings consistent with this opinion.
VACATED AND REMANDED.

. The precise language of the judgment signed by Judge Kellar states, in pertinent part:
This cause came on to be heard on the 8th day of May, 2002 for a duly noticed trial on the merits ....
* * *
After considering the evidence, the pleadings, post-trial memoranda and the applicable law, the court is of the opinion that claimant’s injury was not a result of an accident, but a giving away of the knee, which is not job-related....
[[Image here]]
READ, RENDERED AND SIGNED at New Orleans, Louisiana on the 18th day of September, 2002.

[signed] Sheral C. Kellar

Clara E. Toombs, Workers’ Compensation Judge Eastern Division
[Emphasis supplied.]