| TASHA PAYNE, ET AL. | * | NO. 2021-CA-0135 |
| --- | --- | --- |
| VERSUS | * | COURT OF APPEAL |
| ST. BERNARD PARISH HOSPITAL SERVICE DISTRICT, ET AL. | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

## LEDET, J., DISSENTS WITH REASONS

I would deny the applications for rehearing filed by the appellee-defendant, Ochsner Medical Clinic-Westbank ("Defendant").[1] Appellate jurisdiction hinges on a valid final judgment. A fundamental requirement of a valid final judgment is that it be "signed by the judge." La. C.C.P. art. 1911. This article, however, provides that statutory exceptions may be created. One such exception—cited by Defendant and relied upon by the majority—is set forth in La. R.S. 13:4209(B)(1), which authorizes a successor judge, in certain circumstances, to sign a judgment. The jurisprudence, however, has required that a successor judge "state that [he or] she was complying with La. R.S. 13:4209." *Thomas v. Proctor & Gamble*, 03-0061, p. 3 (La. App. 4 Cir. 5/21/03), 848 So.2d 667, 669 (citing *Polozola v. Garlock*, 376 So.2d 1009, 1011 (La. App. 1st Cir. 1979)). The jurisprudence has recognized that "if such [compliance] appeared of record, the judgment would be valid and ripe for purposes of appellate review." *Id.* Such is not the case here.

The January 5, 2021 judgment fails to reflect compliance with the statutory exception. As the majority points out, "Judge Robert Klees, judge *pro temporare*,

---

[1] Although Defendant represents that Plaintiffs' counsel has no objection to the rehearing application, we have an obligation to determine, *sua sponte*, if we have appellate jurisdiction. The parties cannot create appellate jurisdiction by agreement.

presided over the instant matter in Division 'A' [on December 3, 2020]. Subsequently, Judge William McGoey was elected to Division 'A' and executed the January 5, 2021 judgment at issue." The January 5, 2021 judgment states that the matter came for hearing on December 3, 2020, and that "[c]onsidering the Motion, Memorandum, and argument of counsel," the judgment is granted. Judge McGoey, however, did not hear argument of counsel; Judge Klees did, as reflected by the transcript of the hearing.[2] Nonetheless, the judgment neither mentions Judge Klees nor mentions that Judge McGoey is signing as a successor judge. Indeed, the printed signature line on the judgment reads "JUDGE"; and Judge McGoey signed the judgment as judge. Underneath his signature, Judge McGoey printed his name and his present capacity as sitting judge of the "34th JDC, Div. A." The judgment itself fails to reflect compliance with La. R.S. 13:4209. The judgment, thus, is not a valid final judgment.

For these reasons, I respectfully dissent. I would deny Defendant's rehearing application.

---

[2] The transcript of the hearing indicates that Judge Klees instructed the attorneys as follows: "[t]he Court is going to grant summary judgment in this matter. If you file a judgment, I would ask you to get it to me as quickly as possible because my days are limited."