| | | |
|---|---|---|
| **OTIS JONES** | * | **NO. 2022-CA-0095** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **WHIPS ELECTRIC, LLC.,** | * | |
| **AFRICK CONSTRUCTION,** | | **FOURTH CIRCUIT** |
| **LLC., PARADISE POOLS AND** | * | |
| **SPAS, INC., AND TREVOR** | | **STATE OF LOUISIANA** |
| **REICHMAN** | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-04000, DIVISION "F-14"
Honorable Jennifer M. Medley, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *
(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Dale N. Atkins)


Justin E. Alsterberg
STERNBERG, NACCARI AND WHITE, LLC
935 Gravier Street, Suite 2020
New Orleans, LA 70112

Eve S. Reardon
REARDON LAW FIRM
P.O. Box 24161
New Orleans, LA 70184


   COUNSEL FOR PLAINTIFF/APPELLANT, OTIS JONES

D. Scott Rainwater
Jared A. Davidson
Derrick Jusczak
TAYLOR WELLONS POLITZ & DUHE, APLC
1555 Poydras Street, Suite 2000
New Orleans, LA 70112


   COUNSEL FOR DEFENDANT/APPELLEE, WHIP'S ELECTRIC, LLC

Jack E. Truitt
Michelle Mayne Davis
Lauren A. Duncan
THE TRUITT LAW FIRM
149 North New Hampshire Street
Covington, LA 70433


      COUNSEL FOR DEFENDANT/APPELLEE, AFRICK CONSTRUCTION,
LLC

**APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED WITH**
**INSTRUCTIONS**
**SEPTEMBER 16, 2022**

DNA

DLD

RML

Plaintiff, Otis Jones ("Mr. Jones"), appeals the January 15, 2021 Judgment of the trial court granting separate motions for summary judgment in favor of defendants, Whip's Electric, LLC ("Whip's") and Africk Construction, LLC ("Africk Construction"). For the reasons that follow, we dismiss the appeal without prejudice and remand the matter to the trial court with instructions.

## RELEVANT FACTS AND PROCEDURAL HISTORY

This is a personal injury case arising from a May 10, 2018 incident when Mr. Jones claims that he was electrocuted after coming into contact with an exposed wire on the patio area of a home located at 1016 Webster Street in New Orleans, Louisiana. On April 12, 2019, Mr. Jones filed a Petition for Damages in the Civil District Court for the Parish of Orleans naming several defendants, including Whip's and Africk Construction. Africk Construction filed a Motion for Summary Judgment on October 14, 2020, and Whip's filed its own Motion for Summary Judgment on November 10, 2020.

On December 11, 2020, Judge Piper D. Griffin ("Judge Griffin")[1] presided over a hearing on the Motions for Summary Judgment filed by Africk Construction

---

[1] Judge Griffin was elected to the Louisiana Supreme Court in November 2020.

1

and Whip's. At the completion of oral argument, Judge Griffin orally granted both Motions for Summary Judgment without prejudice. Thereafter, Judge Jennifer M. Medley ("Judge Medley") signed the relevant judgment on January 15, 2021.

As background, Judge Griffin's term on the trial court ended on December 31, 2020, and she did not seek re-election. The parties did not present a judgment on the Motions for Summary Judgment to Judge Griffin for signature prior to the end of her term. Judge Medley, whose term began on January 1, 2021, signed the January 15, 2021 Judgment as the successor judge. This appeal followed.

On appeal, Mr. Jones asserts two assignments of error. First, he contends that the trial court erred in granting without prejudice the Motions for Summary Judgement filed by Whip's and Africk Construction (collectively "Appellees") because such a judgment is a legal nullity. Second, Mr. Jones argues that the trial court erred in granting the Motions for Summary Judgment because the evidence and testimony demonstrate the existence of genuine, triable issues of fact. However, for the reasons stated below, we find that the January 15, 2021 Judgment is not appealable; dismiss the appeal without prejudice; and remand this matter to the trial court.

### DISCUSSION

Before considering the merits of any appeal, an appellate court has "the duty to determine *sua sponte* whether [proper] jurisdiction exists, even when the parties do not raise the issue." *Moon v. City of New Orleans*, 2015-1092, 2015-1093, p. 5 (La. App. 4 Cir. 3/16/16), 190 So.3d 422, 425). Importantly, "[a]n appellate court cannot reach the merits of an appeal unless its jurisdiction is properly invoked by a valid final judgment." *Reaney-Gates v. Mendoza*, 2019-0912, p. 3 (La. App. 4 Cir.

2/19/20) 293 So.3d 77, 79 (citing *Moon*, 2015-1092, 2015-1093, p. 5, 190 So.3d at 425).

Louisiana Code of Civil Procedure Article 1911(A) requires that every final judgment shall contain the typewritten or printed name of the judge and be signed by the judge, except as otherwise provided by law. "For the purpose of an appeal as provided in [La. C.C.P. art.] 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled." La. C.C.P. art. 1911(B). "Louisiana jurisprudence has interpreted the phrase 'the judge' to mean the judge who presided over the hearing; thus only the presiding judge has the authority to render and sign the written judgment." *Reaney-Gates*, 2019-0912, p. 3, 293 So.3d at 79 (citing *La. Paving Co. v. St. Charles Par. Pub. Sch.*, 593 So.2d 892, 894-95 (La. App. 5 Cir. 1992); *Mullins v. Miss. Valley Silica Co.*, 2008-0330, p. 1 (La. App. 4 Cir. 3/20/08), 982 So.2d 209, 210; *Acker v. Bailiff*, 47,160, pp. 4-5 (La. App. 2 Cir. 6/27/12), 94 So.3d 1011, 1014; *State in Interest of I.K.*, 2018-0406, p. 4 (La. App. 1 Cir. 9/21/18), 257 So.3d 694, 696). Moreover, "[a] judgment signed by a judge who did not preside over the trial is fatally defective and does not constitute a final judgment over which this court can exercise appellate jurisdiction." *State in Interest of I.K.,* 2018-0406, p. 4, 257 So.3d at 696 (citing *Emp'rs Nat'l Ins. Co. v. Workers' Comp. Second Injury Bd.*, 1995-1756, p. 5 (La. App. 1 Cir. 4/4/96), 672 So.2d 309, 312; *Aiker*, 47,160, pp. 4-5, 94 So.3d at 1014).

However, there are exceptions allowing a judge who did not hear a matter to sign a judgment. Louisiana Revised Statutes 13:4209, entitled "[d]ecisions by successor judge," provides exceptions allowing a successor judge to sign a

judgment in a matter not heard by the judge. One such statutory exception, which Appellees cite, is set forth in La. R.S. 13:4209(B)(1):

> In cases which are heard and in which judgment is rendered, but not signed, whether the case was taken under advisement or not, if the judge who rendered the judgment dies, resigns, or is removed from office, or if his [or her] term expires before signing judgment in the case, his [or her] successor in office shall have the authority to sign a judgment which conforms with the judgment rendered.

In the matter *sub judice*, Judge Griffin's term as a judge at Civil District Court expired on December 31, 2020. The record before this Court indicates the relevant judgment was presented to the trial court after the expiration of Judge Griffin's term. As such, we find La. R.S. 13:4209 is applicable in this matter. However, Louisiana jurisprudence has required that a successor judge "state that [he or] she was complying with La. R.S. 13:4209 . . . ." *Thomas v. Proctor & Gamble*, 2003-0061, p. 3 (La. App. 4 Cir. 5/21/03), 848 So.2d 667, 669 (citing *Polozola v. Garlock,* 376 So.2d 1009, 1011 (La. App. 1 Cir. 1979). Further, the jurisprudence has recognized that "if such [compliance] appeared of record, the judgment would be valid and ripe for purposes of appellate review." *Id*. Such is not the case here.

The January 15, 2021 Judgment fails to reflect compliance with the statutory exception. The judgment states:

> This matter came before the Court on December 11, 2020, on defendants['], Africk Construction, L.L.C[.'s] and Whip's Electric, LLC's, separate Motions for Summary Judgment. Present for the hearing were:
>
> Jack E. Truitt, Esq., on behalf of the defendant, Africk Construction, L.L.C.
>
> Derrick Jusczak, Esq., on behalf of defendant, Whips Electric, LLC; and

4

Eve S. Reardon, Esq., on behalf of plaintiff, Otis Jones.

The Court, having reviewed the record, the pleadings, and memoranda filed therein, and after hearing oral argument hereby finds and orders as follows:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant['s], Africk Construction, L.L.C.'s, Motion for Summary Judgment is **GRANTED** and that all claims of plaintiff, Otis Jones, against defendant, Africk Construction, L.L.C., are hereby dismissed without prejudice, with each party to bear their own costs.

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED** that defendant['s], Whip's Electric, LLC's, Motion for Summary Judgment is **GRANTED** and that all claims of plaintiff, Otis Jones, against defendant, Whip's Electric, LLC, are hereby dismissed without prejudice, with each party to bear their own costs.

It is apparent from the Judgment that this matter came for hearing on December 11, 2020, and the trial court heard oral argument. Judge Medley, however, did not hear argument of counsel; rather, Judge Griffin did as reflected by the transcript of the hearing. It is also apparent from the judgment that it was prepared for Judge Griffin's signature yet signed by Judge Medley. The printed signature line on the judgment reads "The Honorable Piper D. Griffin"; and Judge Medley signed the judgment as judge, not as successor judge. Underneath Judge Medley's signature, she printed her name and a line is drawn through the printed signature "The Honorable Piper D. Griffin."

The January 15, 2021 Judgment fails to state that Judge Medley, as successor judge, reviewed any evidence heard by Judge Griffin. If Judge Medley reviewed any evidence that Judge Griffin heard, then Judge Medley was required to state that she was complying with La. R.S. 13:4209. *See Thomas*, 2003-0061, p. 3, 848 So.2d at 669 (citing *Polozola*, 376 So.2d at 1011). The judgment, thus, is not a valid final judgment.

## DECREE

For the foregoing reasons, we dismiss the appeal without prejudice.[2] The case is remanded to the trial court to enable Judge Medley, the successor judge, to render and sign a written judgment consistent with this Opinion.

**APPEAL DISMISSED WITHOUT PREJUDICE; REMANDED WITH INSTRUCTIONS**

---

[2] "In the event of a subsequent appeal of this matter, the parties may move to adopt and incorporate the appellate record in this appeal into the appellate record of the subsequent appeal." *Reaney-Gates*, 2019-0912, p. 4, 293 So.3d at 80, n.4.